[No. 35752. Department One. August 10, 1961.]

RICHARD O. LEE *et al.*, *Appellants*, v. SAM BERGESEN *et al.*, *Respondents.*\*

*Lycette, Diamond & Sylvester*, for appellants.
*Wright, Innis, Simon & Todd*, for respondents.

MALLERY, J.—The plaintiffs brought this action for breach of contract and conversion. They appeal from a judgment for the defendants on both causes of action. Richard Lee acted for the appellants and Sam Bergesen for the respondents, unless otherwise noted.

The trial court's findings of fact are supported by the record. Appellants' assignments of error directed to them will not be further noted.

Bergesen had a contract with the United States govern-

\*Reported in 364 P. (2d) 18.

ment for the construction of a radar station at Unalakleet on Norton Sound in Alaska to be completed by the fall of 1955. In order to perform his contract, he had to provide housing facilities and a mess hall for his construction workers. The appellants, who were doing business in Nome, Alaska, as the Lee Brothers Dredging Company, owned some government surplus structures, which were suitable for this purpose, located at Marks Field in Nome.

The parties entered into a contract on May 27, 1955, under the terms of which the appellants were first to transport these buildings across Norton Sound, within thirty days after commencement of navigation, and unload them on the beach at Unalakleet. They were then to haul them to the radar station construction site, three miles inland, and erect them according to agreed specifications.

The appellants landed the first load of building materials on the beach on July 5, 1955, and the last on July 19, 1955. It had been contemplated that the appellants would haul them to the construction site using tractors and sleds over a terrain with which they were familiar.

Lee had a conversation with Bergesen's superintendent about the possibility of hauling the materials over a road then under construction by the respondents. The respondents told the appellants not to use the road because it would disturb the tundra in the vicinity of the road site, but they did not refuse to allow them to transport them over some other route. The appellants made no attempt to find another route or to move the materials from the beach in any way.

The respondents treated this as a breach of the contract and, on August 2, 1955, *mailed* a letter to the appellants terminating it. This letter was not *received*, however, until August 16, 1955, by which date the appellants still had made no attempt to deliver the buildings to the radar site. In the meantime, about four days before appellants received the letter, the respondents, themselves, began moving the materials to the radar site. They erected them there and had them in use by September 19, 1955.

Under the terms of the contract, the respondents had paid the appellants ten thousand dollars in advance upon signing. The contract provided that the buildings were to remain the property of the appellants, but that the respondents would pay no rent for their use during the construction period. The appellants were to dismantle and remove them thereafter.

The respondents never paid the appellants any further sum of money under the contract, which provided for the further payment of twenty thousand dollars when the roof was on each building and ten thousand dollars when they were completed, or a total of forty thousand dollars.

Appellants contend in their cause of action for conversion that the trial court erred in concluding that the title to the materials passed to the respondents and that they had a right to take possession of them.

The terms of the contract relative to the passage of title are found in paragraph 3 (a) of the contract, which reads:

"In the event of non-performance and/or non-delivery of said facilities to Unalakleet within the thirty (30) days after Norton Sound is open for navigation, *then title to herein described property will revert to Sam Bergesen* for compensation to him because of partial payment made to Lee Bros Dredging Company and because of loss and damages to Sam Bergesen because of the unavailability of camp facilities at Unalakleet."

In this context, the word "revert" was obviously meant to be synonymous with the word "pass".

The passage of title to the buildings "for compensation . . . because of loss and damages to Sam Bergesen because of the unavailability of camp facilities" is in the nature of liquidated damages, which are in the form of building materials rather than money. In this regard, it is unusual but, nevertheless, it is the measure of damages agreed upon for failure to perform the contract.

██ ██ Provisions for liquidated damages may be enforced under proper circumstances as stated in 1 Restatement of the Law of Contracts 552, § 339. It reads:

"(1) An agreement, made in advance of breach, fixing

the damages therefor, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless

"(a) the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and

"(b) the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation."

(a) We think the harm was reasonably forecast. The fact is undisputed that it cost the appellants a total of $7,577.38 to put the building materials on the beach. They had very little value in themselves independent of their location. The $10,000 had been paid to appellants in addition to any damages caused by the unavailability of camp facilities.

(b) We think the harm was incapable of exact estimation because the effect of the unavailability of camp facilities has no accepted standard of computation.

The trial court did not err in its conclusion that the title to the materials properly passed as liquidated damages for the appellants' breach of the contract.

Norton Sound became open for navigation on June 25, 1955. Under the contract, therefore, when the appellants did not completely perform their obligation by July 25, 1955, title to the building materials passed automatically to respondents since there was no provision for any notice to the appellants. This passage of title to the respondents is a defense to the appellants' cause of action for conversion.

Appellants' cause of action for breach of contract is based on the theory that Bergesen's superintendent and Lee agreed that the appellants need not move the materials to the construction site until the road was completed.

The trial court refused to find, as a matter of fact, that this agreement had taken place. We will not overturn this finding. The appellants' contention on this phase of the case is without merit.

The appellants contend that respondents prevented them from performing the contract by wrongfully taking over the transportation and erection of the buildings.

Under paragraph (m) of the contract, respondents had a right to take over the work and erect the buildings, but only if appellants did not perform on time. It provided, *inter alia*:

". . . that in the event the CONTRACTOR shall at any time be of the opinion that the SUBCONTRACTOR is not proceeding with diligence and in such a manner as to satisfactorily complete said work within the required time, then and in that event the CONTRACTOR shall have the right, *after reasonable notice*, to take over said work and to complete the same . . ." (Italics ours.)

Reasonable notice was required *before* the respondents could take over the work. This, of course, was to give appellants one last chance to perform. Since respondents took over the work prior to the effective date of the notice, they prevented appellants from performing prior to the actual receipt of the letter.

Notwithstanding respondents' breach of the contract, appellants failed to prove any loss caused by it. They prayed for loss of profits in their complaint, but the evidence showed none. Indeed, it appears from the record that if appellants had completely performed their contract they would have suffered a loss.

The trial court found that appellants' estimate of $8,887, as the cost of erecting the buildings at the building site, and $3,836.57, as the cost of dismantling them after their use, was too low. The actual total cost to Bergesen of erecting and dismantling the buildings was in excess of $35,000. The trial court had a right to believe this to be the reasonable cost thereof.

■ Appellants have not established any right to compensatory damages. Nominal damages were not awarded, but where the sole object of an action is the recovery of damages, as it is in the instant case, the failure to award nominal damages is not grounds for reversal of a judgment. *McUne v. Fuqua*, 45 Wn. (2d) 650, 277 P. (2d) 324; *Pappas v. Zerwoodis*, 21 Wn. (2d) 725, 153 P. (2d) 170.

The judgment is affirmed.

FINLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.

September 20, 1961. Petition for rehearing denied.