[No. 686-3.   Division Three.   December 17, 1973.]

MELVIN R. MARTIN, *Appellant,* v. DAYTON SCHOOL DISTRICT No. 2 *et al., Respondents.*

*John S. Biggs* (of *Reese & Mitchell*), for appellant.

*Albert J. Golden* and *H. N. Woolson,* for respondents.

EVANS, J.*—This is an appeal from a judgment of the Superior Court for Columbia County, upholding the board of directors of Dayton School District No. 2 in its dismissal of appellant for cause.

On June 16, 1971, appellant Melvin Martin entered into a teaching and coaching contract with respondent Dayton

---

*Judge Hugh H. Evans is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

School District No. 2. He served as an industrial arts and physical education instructor in addition to his duties as head coach of the Dayton High School basketball program. On January 11, 1972, appellant was served with a notice of discharge, which the school board was later advised by the prosecuting attorney was insufficient in that it did not notify appellant of his right to a hearing before discharge as required by RCW 28A.58.450. Furthermore, it was not couched in terms of probable cause, but instead was an unequivocal statement of immediate termination, and the decision to dismiss appellant was made at a closed executive session of the respondent school board, which appellant was not permitted to attend. On January 19, 1972, appellant filed and served notice of appeal to the superior court, under RCW 28A.58.515.

That same evening, January 19, in an effort to correct the deficiencies of the previous notice, respondent prepared a notice of hearing, in accordance with the provisions of RCW 28A.58.450. This notice was served upon appellant January 20 and alleged the following grounds for dismissal: (1) appellant, on several occasions, held basketball practices in excess of the 1¾ hour maximum specified in the school athletic policy; (2) appellant allowed two students to use the school gym after being advised by written directive and orally that this act violated school policy; (3) appellant, on November 2, 1971, gave permission to a student to leave his class without clearing through the school office, in violation of school policy; (4) appellant (whose divorce was pending) on December 30, 1971, took a young woman, not his wife, with him on the basketball team bus traveling to Kiona-Benton for a game, and appellant's conduct was highly improper in that he constantly carressed and kissed this young woman on the trip and at the game. The above charges are identical to the grounds for dismissal set forth in the first notice. Included in the second notice, however, the following was added: (5) appellant violated a specific directive when he did not allow four

team members who missed basketball practice during the Christmas vacation to travel with the team to the school's next game.

Appellant also appealed respondent's second notice directly to the superior court. The appeals were consolidated and the matter was heard May 17, 1972. The court held, as a matter of law, that the notice of dismissal served upon appellant January 11, 1972, was defective, but that the notice served upon him on January 20 was valid. The court found that grounds for dismissal 2, 3 and 4 contained in the notice were proven by a preponderance of the evidence and constituted sufficient grounds for appellant's discharge.

Appellant contends the trial court erred in that (1) respondent's actions of January 20, 1972, were void since appellant had filed notice of appeal to superior court from the respondent's action of January 11, 1972, and thus respondent had no further jurisdiction to act; and (2) RCW 28A.58.450 precluded appellant's dismissal for the same causes set forth in the defective notice of January 11, 1972, for the remainder of appellant's contract term.

In support of the trial court's decision respondent argues (1) that the school board's action of January 11, 1972, was completely null and void due to the defective notice; therefore the discharge of appellant by service of the proper notice of January 20, 1972, was in all respects legally sufficient; and (2) appellant's appeal under RCW 28A.58.515 cured any failure on the part of the board to provide opportunity for hearing, since RCW 28A.58.515 allows direct appeal to superior court in lieu of a hearing before the board. We cannot agree.

In *Foster v. Carson School Dist. 301,* 63 Wn.2d 29, 385 P.2d 367 (1963), the teacher had similarly been discharged without an opportunity for a hearing. The statute then in effect (RCW 28.58.450) provided:

> Any decision to discharge such employee shall be based solely upon the cause for discharge specified in the notice of probable cause to the employee and established by a preponderance of the evidence at the hearing to be sufficient cause for discharge.

In the event such notice and opportunity for hearing is not timely given by the district, or in the event cause for discharge is not established by a preponderance of the evidence at the hearing, such employee shall not be discharged for the duration of his or her contract.

In interpreting this statute the court in *Foster* stated at page 32:

The statute is clear and unambiguous. If a board attempts to discharge a teacher without giving him notice of its finding of probable cause and an opportunity to request a hearing 10 days before his discharge becomes effective, "such employee shall not be discharged for the duration of his or her contract."

. . .

. . . [T]he statute (RCW 28.58.480) directs that, because of the lack of notice *and* opportunity for hearing, the teacher shall not be discharged for the remainder of his term. The only function of the superior.court, in such a case, once it has determined that the notice was not timely given, is to order the payment of the appropriate damages.

The above statute, as amended and codified as RCW 28A.58.450, now reads:

Any decision to discharge or to take other adverse action against such employee shall be based solely upon the cause or causes for discharge specified in the notice of probable cause to the employee and established by a preponderance of the evidence at the hearing to be sufficient cause or causes for discharge or other adverse action against his contract status.

In the event any such notice or opportunity for hearing is not timely given by the district, or in the event cause for discharge or other adverse action is not established by a preponderance of the evidence at the hearing, such employee shall not be discharged or otherwise adversely affected in his contract status for the causes stated in the original notice for the duration of his or her contract.

■ The provisions of RCW 28.58.450 and RCW 28A-.58.450, as above quoted are not significantly different; the reasoning in *Foster* applies here with equal force, and controls. Respondent attempted to discharge appellant

without giving him notice of its finding of probable cause and an opportunity to request a hearing. This was clearly contrary to the above quoted portion of RCW 28A.58.450, and the only function of the superior court in the present case, once it was determined that the notice of hearing was not given, was to order payment of the appropriate damages.

We cannot agree with respondent's contention that its actions of January 11, 1972, discharging appellant, were a complete nullity and therefore the later notice of January 20, 1972, granting appellant an opportunity for a hearing was legally sufficient to support the discharge of appellant. Once appellant had filed the notice of appeal in superior court respondent no longer retained jurisdiction to act in making either substantial or technical changes in its decision. The rule is best stated in *Fischback Moore of Alaska, Inc. v. Lynn*, 407 P.2d 174 (Alas. 1965), at 176:

> It is the general rule that when an order of an administrative agency is appealed to a court, the agency's power and authority in relation to the matter is suspended as to questions raised by the appeal. The rule is based on common sense. If a court has appellate jurisdiction over a decision of an administrative body, it would not be consistent with the full exercise of that jurisdiction to permit the administrative body also to exercise jurisdiction which would conflict with that exercised by the court. The court's jurisdiction over the subject matter of an appeal must be complete and not subject to being interfered with or frustrated by concurrent action by the administrative body.

(Footnote omitted.) Appellate jurisdiction over the subject matter of the appeal must be complete, and the actions of respondent board after the initial notice of appeal was filed were void for lack of jurisdiction.

As to respondent's argument that appellant took his appeal to the superior court under RCW 28A.58.515,[1] which

---

[1] "28A.58.515 Direct judicial appeals in lieu of board hearings provided in RCW 28A.58.450 and 28A.67.070. In lieu of requesting a hearing before the board of directors pursuant to the provisions of RCW 28A.58.450 and 28A.67.070, an employee may elect to appeal the

provides for a direct appeal to the superior court in lieu of a board hearing, and that this cured any defects in the first notice, we cannot agree. This argument overlooks the fundamental failure of respondent to give appellant even an opportunity for a hearing before discharge. Its failure to do so was in no way cured by the fact that appellant appealed to superior court under 28A.58.515.

Due to the decision reached, appellant's further assignments of error need not be considered.

The judgment is reversed and the cause remanded, with directions to assess appellant's damages.

GREEN, C.J., and MUNSON, J., concur.

Petition for rehearing denied February 4, 1974.

Review granted by Supreme Court March 18, 1974.

---

action of the board directly to the superior court of the county in which the school district is located by serving upon the clerk of the school board and filing with the clerk of the superior court a notice of appeal within ten days after receiving the notification of the action of the board. The notice of appeal shall set forth in a clear and concise manner the action appealed from. The superior court shall determine whether or not there was sufficient cause for the action of the board of directors and shall base its determination solely upon the cause or causes stated in the notice of the employee. The appeal provided in this section shall be conducted in the same manner as appeals provided in RCW 28A.58.470 through 28A.58.500."