[No. 43152.    En Banc.    June 5, 1975.]

MELVIN R. MARTIN, *Respondent*, v. DAYTON SCHOOL DISTRICT No. 2 *et al, Petitioners*.

*Albert J. Golden* and *H. N. Woolson*, for petitioners.

*Reese & Mitchell* and *John S. Biggs*, for respondent.

BRACHTENBACH, J.—Defendant school district issued to plaintiff school teacher a notice of discharge which was legally defective for reasons mentioned later. The district, on the same day that the plaintiff appealed that notice to the superior court, issued a second, legally adequate notice which plaintiff also appealed. The trial court upheld plaintiff's discharge. The Court of Appeals reversed and ordered plaintiff reinstated. *Martin v. Dayton School Dist. 2*, 10 Wn. App. 191, 517 P.2d 216 (1973). We reverse the Court of Appeals and affirm the trial court.

The sole issue is whether a legally defective notice of discharge may be superseded by a legally adequate notice

after the initial notice has been appealed. Within the narrow confines of the facts of this case, we hold that it may.

The duties of plaintiff teacher included coaching the high school basketball team. The school administration determined that plaintiff's conduct as coach violated the district's written policies. Discussion between plaintiff and the district superintendent failed to resolve the matter and plaintiff teacher was told that a discharge notice would be issued. A written notice was served upon plaintiff. It was legally defective because it stated the school board's decision to terminate—as a fait accompli—rather than a notice of probable cause for discharge as required by RCW 28A.58.450. The notice stated four reasons for the district's action.

Plaintiff, under RCW 28A.58.515, appealed to the superior court. On the same day that such notice was filed, the district issued a second notice, containing the four same grounds for its decision plus an additional cause. The trial court found that three of the allegations, contained in both notices, were legally sufficient to justify discharge.

Plaintiff teacher also appealed the second notice and the two appeals were consolidated upon plaintiff's motion. Thus plaintiff was given a hearing on the merits of both notices and, upon three grounds common to both, he lost on the merits of his case.

The legislative direction of RCW 28A.58.450 is remarkably clear. The school district must notify a teacher that the district, through its board of directors, has decided that it has probable cause to discharge or otherwise adversely change the teacher's contract status. The notice must specify the cause or causes. It need do no more, but it must reflect a decision of probable cause, not a judgmental conclusion that the board's mind is closed.

Having defectively framed its first notice, is the school district precluded from corrective action? The contention is that the appeal of the first notice to the superior court divested the school board of all jurisdiction including necessarily the right to issue a legally sufficient notice.

It is the general rule that the jurisdiction of an administrative agency over a particular matter ends when its decision is appealed to the court. The reason is that the court's jurisdiction "must be complete and not subject to being interfered with or frustrated by concurrent action by the administrative body." *Fischback & Moore of Alaska, Inc. v. Lynn*, 407 P.2d 174, 176 (Alas. 1965). A mechanical application of that principle would deny the board's ability to reissue a notice, but consideration of the underlying rationale for the rule precludes its control here. For, looking at our facts, we find that the school board took two official actions. It had issued a defective notice and 9 days later issued a legally sufficient notice. What was the judicial involvement at that time? Virtually none. When the district issued the second notice the invocation of the court's powers was limited to the court clerk's act of receiving a notice of appeal.

We hold that such minimal judicial contact did not oust the school board from its legal ability to issue a proper notice to plaintiff. In so holding we emphasize that the court had taken no action, that plaintiff was in no way prejudiced and that the board gained no advantage by its actions.

The plaintiff teacher asked the superior court to review the causes for his discharge. The court did so and plaintiff lost. The situation is similar to that in *Pierce v. Lake Stevens School Dist. 4*, 84 Wn.2d 772, 782, 529 P.2d 810 (1974), where we emphasized that the appellant teachers had availed themselves of a de novo hearing before the superior court where they had an opportunity to demonstrate, if they could, that there was no probable cause. Thus the form of the notice in that case, like in this one, did not prejudice the appellants nor deprive them of any rights.

The judgment of the trial court is affirmed.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, and UTTER, JJ., concur.

Petition for rehearing denied August 12, 1975.