[No. 967-3.    Division Three.    June 23, 1975.]

KENNETH B. HUNTER, *Appellant*, v. BOARD OF DIRECTORS OF INCHELIUM SCHOOL DISTRICT No. 70, *Respondent*.

*Robert D. Skidmore*, for appellant.

*Granville Egan, Prosecuting Attorney*, for respondent.

[As amended by order of the Court of Appeals August 13, 1975.]

McInturff, C.J.—This is an appeal from an order denying a motion for summary judgment and upholding the Board of Directors' (hereafter Board) dismissal of Mr. Hunter, a school teacher.

With the assistance of a minister Mr. Hunter convinced the Board that his alcohol problem was under control and would not affect his teaching. Mr. Hunter entered into a contract for the 1969-70 school year, and it was agreed by both parties that a rider be attached to the contract allowing the Board to discharge him for "conduct unbecoming a teacher" if his alcohol problem should resurface. Soon after school commenced in September Mr. Hunter was charged with driving while under the influence of intoxicating liquor and later pleaded guilty.

After a series of events tending to support the fact that his drinking problem had not been resolved, the Board met on December 27, 1969, to discuss the matter. The following events took place after the meeting:

1. December 27, 1969—the Board wrote Mr. Hunter stating he was released from his teaching contract for "show cause."

2. December 30, 1969—Mr. Hunter's attorney wrote a letter informing the Board that the procedure followed in discharging Mr. Hunter did not comply with RCW 28.58.450, and that Mr. Hunter would report for work on January 5, 1970.

3. January 5, 1970—Mr. Hunter reported for work but was told that he had been discharged.

4. January 8, 1970—the Board sent a letter to Mr. Hunter stating that it had determined there was probable cause for his discharge for "conduct unbecoming a teacher" and stating that there would be a hearing *for him to show cause* within 10 days.

5. January 12, 1970—Mr. Hunter filed his appeal in the superior court.

6. January 19, 1970—the first letter[1] of that day was written by Mr. Hunter to the Board acknowledging receipt of its letter of January 8 and challenging the Board's authority to issue a notice of probable cause as attempted in the letter of January 8.

7. January 19, 1970—the Board notified Mr. Hunter by letter that it had probable cause to discharge him for "excessive drinking," setting a hearing date of January 29 and informing him of his right to counsel and witnesses.

8. January 29, 1970—Mr. Hunter attended the hearing but without counsel.

9. February 2, 1970—the Board advised Mr. Hunter that he was discharged as a teacher and paid all salaries owing at that time.

10. February 24, 1970—Mr. Hunter filed an amended notice of appeal in the superior court.

---

[1]
"January 19—1970
"Board of Directors
"Inchelium School District No. 70
"Inchelium, Washington 99138
"Gentlemen:
"This acknowledges receipt of your letter of January 8, 1970, which I received on January 9, 1970.
"On December 27, 1969, you mailed a letter to me notifying me that I was discharged from my teaching contract. I informed you, through a letter from my attorney, that the procedure which you followed did not comply with RCW 28.58.450 and that I would report for duty on January 5, 1970. I reported for duty on January 5, and was informed that the board was standing on its original position that I was discharged. I have filed an appeal from your wrongful action in the Ferry County Superior Court and intend to pursue this appeal.
"RCW 28.58.450 provides that in the event a school board discharges a teacher without giving him timely notice and opportunity for hearing, the teacher shall not be discharged for the *duration of his or her contract*. It is therefore my position that you now have no authority to issue notice of probable cause as attempted in your letter of January 8, 1970. However, in order to complete the record in this case, *and without waiving my right to challenge the legality or authority of your letter of January 8, 1970*, I hereby request a hearing before the board to determine whether or not there exists cause for my discharge.
"Yours very truly,
"Kenneth E. Hunter"

11. January 24, 1973—a trial de novo in superior court was held.

Both counsel agree that the discharge of December 27, 1969, was without notice and an opportunity for a hearing and thus illegal. Thus, the issue becomes:

Can a school board, after making an illegal discharge, correct the initial notice by subsequently giving proper notice of probable cause and an opportunity for the hearing provided by statute?

■ Mr. Hunter contends that the phrase in RCW 28.58.450[2] which read, in pertinent part:

In the event such notice and opportunity for hearing is not timely given by the district, . . . *such employee shall not be discharged for the duration of his or her contract.*

(Italics ours.) meant what it said. Mr. Hunter argues that he had no notice or hearing prior to his discharge on December 27 and cannot be discharged for the duration of his contract. In light of *Martin v. Dayton School Dist. 2*, 85 Wn.2d 411, 536 P.2d 169 (1975), we disagree. In *Martin* the issue was whether a legally defective notice of discharge may be superseded by a legally adequate notice after the initial notice has been appealed. The court held that the notice could be superseded by a legally adequate notice if the appellants were neither prejudiced, nor deprived of any rights. In the absence of prejudice, RCW 28.58.450 did not ipso facto preclude the district from discharging Mr. Hunter if the defective notice was corrected.

RCW 28.58.450 did not state that a school board was irrevocably bound by a defective notice of discharge. The Board should not be bound in its attempt to amend its initial notice to comply with the statutory requirements, if no action has been taken thereon and no prejudice has resulted to the teacher. In the instant case we find no prejudice.

■ Having concluded that the Board was entitled to amend its original notice the question remains whether

[2]Laws of 1961, ch. 241, § 2, p. 2081.

either of the subsequent notices fulfilled the requirement of RCW 28.58.450 that the "notification shall specify the probable cause for discharge." On January 19, 10 days before the hearing, the Board informed Mr. Hunter that it had probable cause to discharge him for "excessive drinking." This amended notice complied with the statute.

Since *Martin* was decided subsequent to the filing of this appeal and the argument before the court, the appellant had no way of knowing how our Supreme Court would look upon the issue presented. Therefore, exercising our discretion under RCW 28A.58.490, the case is remanded to superior court for the taking of testimony to determine what the amount of reasonable attorneys fees should be pursuant to that statute.

Judgment of the superior court is affirmed.

GREEN and MUNSON, JJ., concur.

Petition for rehearing denied August 13, 1975.