[No. 1118-3.    Division Three.    August 29, 1975.]

DAROLD MINIELLY, *Appellant*, v. CLARKSTON SCHOOL DISTRICT NO. J-250-185, ET AL, *Respondents*.

*John S. Biggs,* for appellant.

*Jay Roy Jones, Prosecuting Attorney,* for respondents.

GREEN, J.—The plaintiff, Darold Minielly, was suspended from his teaching duties by the Superintendent of Schools for the defendant, Clarkston School District. Plaintiff commenced this action by filing a "Complaint for Reinstatement, Damages and Notice of Appeal." On defendant's motion, the trial court dismissed plaintiff's complaint for failure to state a claim upon which relief could be granted. Plaintiff appeals.

Plaintiff was a certificated teacher under contract to the defendant school district for the 1973-74 academic year. On September 17, 1973, defendant's superintendent informed plaintiff by letter that he wished to meet with him to discuss reports of professional misconduct allegedly engaged in by the plaintiff. Plaintiff was advised that this was a matter "which could adversely affect the continuation of your employment." On the following day plaintiff received a letter from the school superintendent stating that the charges of misconduct warranted further investigation and that plaintiff would be suspended from teaching duties with pay until further notice.

On September 24, 1973, plaintiff filed in Superior Court a complaint for reinstatement and damages, and a notice of appeal. RCW 28A.58.515[1] provides for direct judicial appeal

---

[1]RCW 28A.58.515 provides:

"In lieu of requesting a hearing before the board of directors or its designated hearing officer pursuant to the provisions of RCW 28A.58.450 and 28A.67.070, an employee may elect to appeal the *action of the board* directly to the superior court of the county in which the school district is located . . . The superior court shall determine whether or not there was sufficient cause for *the action of the board of directors* and shall base its determination solely upon the cause or causes stated in the notice of the employee." (Italics ours.)

of board action in lieu of requesting a hearing before the Board of Directors under RCW 28A.58.450.[2]

On September 26, 1973, plaintiff was notified of a special meeting of the Clarkston School Board which "could adversely affect the continuation of your employment." Plaintiff and his counsel attended the special meeting of the Board of Directors but took the position that the Superior Court obtained jurisdiction of the matter upon filing of plaintiff's notice of appeal and that, therefore, the Board's consideration of probable cause to discharge the plaintiff was improper. At the conclusion of the meeting, the Board executed a notice of probable cause for discharge of the plaintiff. Subsequently, plaintiff was discharged by the Board on November 19, 1973.

Two issues were presented by plaintiff's appeal: (1) Were the school superintendent's actions suspending the plaintiff "action of the board" which "adversely affected . . . his contract status" thereby constituting appealable action within the purview of RCW 28A.58.450 and .515? and, if so, (2) Did the filing of plaintiff's original complaint and notice of appeal from the superintendent's actions divest the School Board of jurisdiction to issue the notice of probable cause for plaintiff's discharge?

With respect to the first issue, the Superintendent stated in the letter of September 17, 1973, that incidences of alleged misconduct on the part of the plaintiff had come to his attention and that he desired to meet with the plaintiff regarding the alleged events. On the following day, plaintiff

[2]RCW 28A.58.450 provides:

"Every board of directors determining that there is probable cause or causes for a teacher . . . to be discharged or otherwise adversely affected in his contract status, shall notify such employee in writing of its decision, which notification shall specify the probable cause or causes for such action. . . . Every such employee so notified, at his or her request made in writing and filed with the chairman of the board or secretary of the board of directors of the district within ten days after receiving such notice, shall be granted opportunity for hearing to determine whether or not there is sufficient cause or causes for his or her discharge or other adverse action against his contract status."

received another letter from the Superintendent informing him that statements concerning charges of plaintiff's misconduct:

warrants [*sic*] my ordering further investigation relating to the above alleged *pending* charges.

Please be further advised that you are forthwith suspended from teaching duties *until further notice*. Such suspension shall be with pay.

(Italics ours.) This letter also contained directions to the plaintiff to provide "lesson plans and other materials necessary to the conduct of your class by a substitute teacher in your absence." We believe the trial court properly characterized the Superintendent's actions in unchallenged finding of fact No. 6, as follows:

The actions of Superintendent Hermes in the program involving the delivery of letters . . . to Plaintiff, were done in an administrative performance designed to balance the protection of the Plaintiff's contract status against a real need to protect the School community concerning allegations that had been made against the Plaintiff, and the discharge of this administrative function was done fairly and with full regard for the protection of the Plaintiff.

The Superintendent's actions with regard to plaintiff's suspension are contemplated by School Board policy guidelines for the office of Superintendent of Schools.[3] Plaintiff contends, therefore, that the Superintendent's authority to suspend plaintiff was delegated by the Board and that action taken pursuant to such delegation is "action of the board." We disagree.

It is clear from a reading of the policy guidelines, the letters issued by the Superintendent, and the unchallenged findings of fact, that the Superintendent's actions were administrative in nature allowing for investigation of "pending charges" and looking toward full review with

---

[3]The trial court made the following reference in its memorandum opinion: "The procedure so taken is authorized by Clarkston School Board Policy Guidelines under Manual Section III, Administration § 3.1, Duties and Responsibilities of the Superintendent of Schools."

possible action by the Board. As the court in *Pierce v. Lake Stevens School Dist. 4*, 84 Wn.2d 772, 784, 529 P.2d 810 (1974), stated:

> Not only was it proper for the school directors to utilize and rely upon the services of their administration in determining which teaching positions should be eliminated and which programs should be curtailed to meet the financial crisis, it would appear to be the only practical manner in which they could gather the information necessary to make an intelligent judgment.

Clearly, then, the Superintendent's administrative actions contemplated "action of the board" which came in the form of a notice of probable cause to discharge issued after a hearing attended by plaintiff and his counsel.

As the suspension of plaintiff by the Superintendent did not constitute Board action, we need not consider whether plaintiff was "adversely affected in his contract status" by Board action.

■ With regard to the second issue, RCW 28A.58.515 contemplates direct appeal into Superior Court from "action of the board" only. Having found that the Superintendent's actions did not constitute "action of the board," plaintiff's appeal therefrom was premature and did not divest the Board of jurisdiction to issue the notice of probable cause to discharge after a full Board hearing. The issuance by the Board of a notice of probable cause to discharge clearly constitutes "action of the board" from which plaintiff had 10 days to request a hearing before the Board or appeal the action directly to Superior Court. RCW 28A.58.515. The plaintiff elected to take no action with regard to the notice of probable cause and the trial court properly concluded that plaintiff's failure to act "extinguished all rights of plaintiff to further proceedings."

In view of the foregoing, we need not consider the probable effect of *Martin v. Dayton School Dist. 2*, 85 Wn.2d 411, 536 P.2d 169 (1975), upon the present case had plaintiff, in fact, appealed from Board action.

The trial court's order dismissing plaintiff's complaint for failure to state a claim upon which relief can be granted is affirmed.

McINTURFF, C.J., and MUNSON, J., concur.