110 P.3d 232 (2005)
126 Wash.App. 840
Gary T. GIEDRA and Caryl Spencer, Respondents,
v.
MT. ADAMS SCHOOL DISTRICT NO. 209, Appellant.
No. 23349-9-III.
Court of Appeals of Washington, Division 3, Panel One.
April 14, 2005.
Reconsideration Denied May 19, 2005.
*233 Rockney L. Jackson, Kenneth W. Harper, Menke, Jackson, Beyer & Elofson LLP, Yakima, WA, for Appellant.
Kevan T. Montoya, Attorney at Law, Yakima, WA, for Respondent.
BROWN, J.
¶ 1 Mount Adams School District appeals the trial court's summary judgment requiring it to conduct termination hearings for teachers (Gary T. Giedra and Caryl Spencer) under RCW 28A.405.300 and RCW 28A.405.310. Further, the District appeals the trial court's grant of summary judgment to the teachers on the issue of the District's repayment claims. Because the District violated the teachers' hearing rights and repayment is inappropriate, we affirm.

FACTS
¶ 2 Mr. Giedra was employed as a teacher at White Swan High School for the 2002-2003 school year. According to Mr. Giedra, he inadvertently allowed his teaching certificate to lapse in June 2002. In October 2002, Mr. Giedra discovered his teaching certificate *234 had expired and informed the principal, who told him to leave work early and initiate the process of reinstating his certificate. Mr. Giedra applied for a temporary teaching permit. He received a temporary teaching permit on November 14, 2002, and turned it in to the District office. Later that same day, Mr. Giedra received a letter dated November 12 from District superintendent, Mary Hall, informing him that he had been unconditionally terminated for not having a teaching certificate.
¶ 3 Ms. Spencer was employed as a teacher at Harrah Elementary School for the 2002-2003 school year. According to Ms. Spencer, her teaching certificate expired in the summer of 2002, even though she had earlier placed her renewal application in school channels. According to Ms. Spencer, her recertification would have been timely granted had the District properly forwarded her renewal application. On December 2, 2002, Ms. Hall informed Ms. Spencer her teaching certificate had expired and placed her on administrative leave. Ms. Spencer attempted to renew her teaching certificate but was informed that she lacked three required credits due to the delay. On December 6, 2002, Ms. Spencer obtained a substitute teaching certificate, but she was given a November 12, 2002 letter unconditionally terminating her employment.
¶ 4 Mr. Giedra and Ms. Spencer, by counsel, both requested a termination hearing under RCW 28A.405.300 and .310. The District, by counsel, responded identically to both that RCW 28A.405.300 was inapplicable and termination was "by operation," under Mt. Adams School District v. Cook, 113 Wash.App. 472, 54 P.3d 1213 (2002). Clerk's Papers (CP) at 270.
¶ 5 Mr. Giedra and Ms. Spencer together sued for declaratory relief and an order directing the District to hold statutory review proceedings under chapter 28A RCW. The District counterclaimed for repayment of the teachers' wages before termination. All parties moved for summary judgment. The court granted Mr. Giedra's and Ms. Spencer's motion for summary judgment, granting the statutory hearings and denying repayment. The Supreme Court transferred this matter to us for review.

ANALYSIS

A. Hearing
¶ 6 The issue is whether the court erred in granting summary judgment to Mr. Giedra and Ms. Spencer and ordering a hearing under RCW 28A.405.300.
¶ 7 Summary judgment is appropriate when "the pleadings, affidavits, depositions, and admissions on file demonstrate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Folsom v. Burger King, 135 Wash.2d 658, 663, 958 P.2d 301 (1998); CR 56(c). "An appellate court engages in the same inquiry as the trial court when reviewing an order for summary judgment." Id. The facts and reasonable inferences from the facts are viewed in the light most favorable to the nonmoving party. See Mountain Park Homeowners Ass'n v. Tydings, 125 Wash.2d 337, 341, 883 P.2d 1383 (1994). We review questions of law de novo.[1]Id.
¶ 8 The State may not deprive its citizens of a property interest without procedural due process. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Whether such a property interest exists is "defined by existing rules or understandings that stem from an independent source such as state law." Id. (citing Bd. of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)).
¶ 9 "While public employment alone does not create constitutionally protected property interests," such interests may arise "where civil service laws provide an express *235 or implied `contract' for continued employment." Danielson v. City of Seattle, 108 Wash.2d 788, 796, 742 P.2d 717 (1987) (citing Ritter v. Bd. of Comm'rs, 96 Wash.2d 503, 509, 637 P.2d 940 (1981)). Under RCW 28A.405.300, a "teacher, principal, supervisor, superintendent, or other certificated employee, holding a position as such with the school district" may not be discharged without "probable cause." Thus, RCW 28A.405.300 creates a property right in continued public employment for those who fall under the statute. See Loudermill, 470 U.S. at 539, 105 S.Ct. 1487.
¶ 10 The District argues Mr. Giedra and Ms. Spencer were not certificated teachers at the time of termination and not entitled to any statutory safeguards. The District relies on RCW 28A.410.025: "No person shall be accounted as a qualified teacher within the meaning of the school law who is not the holder of a valid teacher's certificate or permit." However, RCW 28A.410.025 merely details who is a "qualified" teacher, and does not limit the rights of teachers discharged for alleged teaching certificate deficiencies. Further, RCW 28A.405.300 applies to a "teacher ... or other certificated employee, holding a position as such with the school district." RCW 28A.405.300 (emphasis added).
¶ 11 It is an undisputed fact that the previous spring when both teachers were offered employment, each was properly certificated, and intervening events jeopardized their teaching credentials. At the time of discharge, Mr. Giedra apparently held a valid teaching permit, and Ms. Spencer was "holding a position" as a teacher, although her certificate had expired. See id. Mr. Giedra and Ms. Spencer both had a property right to continued public employment and were entitled to due process protections. See id.; see also Eiche v. Louisiana Bd. of Elementary & Secondary Educ., 582 So.2d 186, 191 n. 7 (La.1991) (teachers whose teaching certificates are revoked or become expired are entitled to statutory due process prior to removal).
¶ 12 "An essential principle of due process is that a deprivation of life, liberty or property `be preceded by notice and opportunity for a hearing appropriate to the nature of the case.'" Loudermill, 470 U.S. at 542, 105 S.Ct. 1487 (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The need for "some form of pretermination hearing" is evidenced by a balancing of the competing interests involved: the private interests in retaining employment against the governmental interests in expeditious removal of unsatisfactory employees, and the risk of an erroneous termination. Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).
¶ 13 First, Mr. Giedra and Ms. Spencer had a significant private interest in retaining their public employment. "While a fired worker may find employment elsewhere, doing so will take some time and is likely to be burdened by the questionable circumstances under which he left his previous job." Loudermill, 470 U.S. at 543, 105 S.Ct. 1487. The United States Supreme Court has "frequently recognized the severity of depriving a person of the means of livelihood." Id. (citations omitted). Washington courts have more specifically recognized a significant private interest in retaining a teaching position. See Lines v. Yakima Pub. Sch., 12 Wash. App. 939, 944, 533 P.2d 140 (1975).
¶ 14 Second, "some opportunity for the employee to present his side of the case is recurringly of obvious value" in avoiding erroneous terminations. Loudermill, 470 U.S. at 543, 105 S.Ct. 1487. Even where the facts concerning the discharge are clear, "the appropriateness or necessity of the discharge may not be; in such cases, the only meaningful opportunity to invoke the discretion of the decisionmaker is likely to be before the termination takes effect." Id. Here, the teachers were denied the opportunity to explain particular circumstances bearing on alternative remedies to termination ranging from an unpaid leave of absence to continuation with interim alternative credentials.
¶ 15 The undisputed facts show both Mr. Giedra and Ms. Spencer had plausible arguments affecting their discharge. See id. Mr. Giedra possessed a valid teaching permit on the date he received his discharge letter. Ms. Spencer explained the District's interference *236 in her timely application for recertification. And, Ms. Spencer was in the process of obtaining a substitute teaching permit. The "termination[s] involved arguable issues, and the right to a hearing does not depend on a demonstration of certain success." See id. at 544, 105 S.Ct. 1487 (citing Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978)).
¶ 16 Finally, affording Mr. Giedra and Ms. Spencer the opportunity to respond prior to termination would not have imposed an intolerable delay or burdened the District. The District's contrary arguments ignore the fact that Mr. Giedra had obtained a valid teaching permit on the date he received his discharge letter. The District does not satisfactorily explain why summary dismissal was required without first temporarily suspending the teachers until notice and hearing could occur. See Loudermill, 470 U.S. at 544-45, 105 S.Ct. 1487 ("[I]n those situations where the employer perceives a significant hazard in keeping the employee on the job, it can avoid the problem by suspending with pay.").
¶ 17 Under federal law, the pretermination hearing need not be elaborate. Id. at 545, 105 S.Ct. 1487. "In general, `something less' than a full evidentiary hearing is sufficient prior to adverse administrative action." Id. (citing Mathews, 424 U.S. at 343, 96 S.Ct. 893).
[T]he pretermination hearing need not definitively resolve the propriety of the discharge. It should be an initial check against mistaken decisionsessentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action.
Loudermill, 470 U.S. at 545-46, 105 S.Ct. 1487. A public employee with a property right to continued employment is at least entitled to "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Id. at 546, 105 S.Ct. 1487 (citations omitted).
¶ 18 The District alternatively argues it met minimum due process requirements under Loudermill because it informally met with Mr. Giedra and Ms. Spencer to discuss the expiration of their teaching certificates, and Mr. Giedra and Ms. Spencer were sent notice of the reason for their termination. This argument ignores the specific procedural protections found in chapter 28A RCW.
¶ 19 Under RCW 28A.405.300, those holding teaching positions, like here, are entitled to particular probable cause notification. A termination notice is legally defective if it indicates a decision to terminate as "a fait accompli" rather than notice of probable cause. Martin v. Dayton Sch. Dist. No. 2, 85 Wash.2d 411, 412, 536 P.2d 169 (1975). Here, the District's letters to Mr. Giedra and Ms. Spencer were insufficient notice of probable cause as a matter of law. The letters indicated the decision to terminate was final, unconditional, and without any recourse. See Martin, 85 Wash.2d at 412, 536 P.2d 169.
¶ 20 RCW 28A.405.300 allows 10 days to request a hearing prior to the effective date of the termination. The Districts letter fails to provide the 10-day notice or refer to any hearing rights. RCW 28A.405.310 provides the employee with the opportunity to be represented by counsel, present witnesses, be heard by an appointed hearing officer, issue subpoenas, take depositions, obtain discovery, and have a hearing on the record. Id. The Districts informal meetings with Mr. Giedra and Ms. Spencer did not meet these statutory requirements.
¶ 21 In sum, Mr. Giedra and Ms. Spencer had a property interest in continued public employment under chapter 28A RCW. Further, the District did not provide Mr. Giedra or Ms. Spencer with sufficient due process, as outlined under RCW 28A.405.300 and .310. As such, the court did not err in finding Mr. Giedra and Ms. Spencer were entitled to a hearing prior to termination.

B. Repayment
¶ 22 The issue is whether the District is entitled to repayment of wages it paid to Mr. Giedra and Ms. Spencer for a portion of the 2002-2003 school year, during which Mr. Giedra and Ms. Spencer did not have valid teaching certificates.
*237 ¶ 23 The District contends the wages paid to the teachers were erroneous because the contract was illegal and unenforceable. However, it received valuable services from each teacher and cannot show loss or damage. Therefore, the trial court did not err when granting summary judgment to the teachers. See Lee v. Bergesen, 58 Wash.2d 462, 466, 364 P.2d 18 (1961); Hodges v. Gronvold, 54 Wash.2d 478, 483, 341 P.2d 857 (1959). Even a party performing services under a void contract may recover for work actually done under quantum meruit, and the value of the services is measured by that "fixed in the contract." O'Donnell v. Sipprell, Inc., 163 Wash. 369, 375, 1 P.2d 322 (1931).
¶ 24 Affirmed.
WE CONCUR: KATO, C.J., and SWEENEY, J.
NOTES
[1] The District has submitted, as an additional authority, an arbitrator's decision resulting from an arbitration between Mt. Adams Education Association and Mt. Adams School District. Contrary to the District's assertions, this decision has no collateral estoppel effect. See Rains v. State, 100 Wash.2d 660, 663, 674 P.2d 165 (1983). The arbitrator's decision does not qualify as an additional authority under RAP 10.8. Mr. Giedra and Ms. Spencer's motion to strike the District's additional authority is granted.