NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 2 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES BUSEY, an individual, | No. 16-35308 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-05022-TOR |
| v. | |
| RICHLAND SCHOOL DISTRICT; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Argued and Submitted April 9, 2018
Seattle, Washington

Before: HAWKINS, TASHIMA, and GRABER, Circuit Judges.

Dr. James Busey appeals the adverse grant of summary judgment on his 42 U.S.C. § 1983 due process claim as well as his state law declaratory relief and wage claims against the Richland School District (the "District") and its Board members. We review de novo, *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017), and affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In this appeal, Dr. Busey contends that a genuine dispute of material fact precluded summary judgment. He contends that a news article quoting a Board member's statement that his termination was "effective immediately" following the Board's January 22, 2013 meeting and a letter regarding his benefits sent the following day create a factual dispute as to the date of his termination. Contrary to Dr. Busey's contention, the news article and letter do not create a dispute of *material* fact sufficient to withstand summary judgment.

The critical date for purposes of federal due process is the date on which the deprivation becomes final. *See Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 985 (9th Cir. 1998). Even viewing the article and letter in the light most favorable to Dr. Busey and accepting that the Board voted to terminate him effective immediately on January 22, 2013, the undisputed facts demonstrate that his deprivation did not become final on that date. Dr. Busey concedes that his salary and benefits continued after January 22, 2013, and that his employment contract was not closed officially until the end of February 2013. Before then, and as the District advised him in writing, Dr. Busey could have requested a hearing before a neutral hearing officer, who would decide whether the Board's discharge decision would take effect. *See* Wash. Rev. Code §§ 28A.405.300 & 28A.405.310. Because the hearing officer had the power to override the Board's vote before the District officially closed Dr. Busey's employment contract, his deprivation did not

become final until he waived the right to that hearing, thereby rendering the Board's vote final. *See Brewster*, 149 F.3d at 985–86. Summary judgment, therefore, was proper on Dr. Busey's due process claim.[1] *See id.*

Similarly, summary judgment was proper on Dr. Busey's state law claims for a declaration that the Board violated Washington Revised Code § 28A.405.300 and owed unpaid wages. Again, even assuming the Board should have provided formal notice before its January 22, 2013 meeting, it is undisputed that Dr. Busey received the Board's Notice of Probable Cause, which he concedes was substantively adequate, and an opportunity for a hearing before the date on which his salary and benefits ceased and his employment contract was closed. *See Martin v. Dayton Sch. Dist. No. 2*, 536 P.2d 169, 170 (Wash. 1975). Dr. Busey's claim for unpaid wages under Washington Revised Code § 49.52.070 depends on the success of his due process and declaratory relief claims. Because summary judgment was proper on his process-based claims, summary judgment was also proper on his claim for unpaid wages.

**AFFIRMED.**

---

[1] The dissent argues that the record supports an inference that, even though Dr. Busey could have requested an additional hearing, the hearing officer might not have been neutral. We do not decide whether that argument has merit because Dr. Busey did not raise it in his briefing. *McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009).

16-35308

*Busey v. Richland School District*, No. 16-35308

TASHIMA, Circuit Judge, dissenting:

Because there is a question of material fact as to whether Dr. Busey's termination was effectively final on January 22, 2013, I respectfully dissent. The majority mistakenly relies on the assumption that "Dr. Busey could have requested a hearing before a neutral hearing officer, who would decide whether the Board's discharge decision would take effect." Maj. Disp. at 2. Contrary to the majority's assumption, however, Dr. Busey's hearing officer would not have been neutral.

The Washington statutory provision concerning the appointment of a hearing officer provides, "Nothing herein shall preclude the board of directors and the employee from stipulating as to the identity of the hearing officer in which event the foregoing procedures for the selection of the hearing officer shall be inapplicable." Wash. Rev. Code § 28A.405.310(4). Dr. Busey's employment contract with the Board states, "In the event of discharge Superintendent shall have the right to service of written charges, notice of hearing, and a hearing before the Board sitting in executive session." Confirming that understanding, before litigation, the Board's attorney stated in a letter that, pursuant to that contract, "Dr. Busey [] has a right to a hearing before the School Board." Dr. Busey's hearing officer, therefore, would not have been independent or neutral, but instead is the same Board that had already decided that Busey was terminated "effectively

immediately" on January 22. It is therefore a contested issue of fact whether such a biased hearing officer would ever "override [its own] vote before the District officially closed Dr. Busey's employment contract."[1] Maj. Disp. at 2.

Regardless of when Dr. Busey's employment contract was formally terminated, the record supports the inference that Dr. Busey's termination was a "fait accompli" on January 22, 2013. *Giedra v. Mt. Adams Sch. Dist. No. 209*, 110 P.3d 232, 236 (Wash. 2005) (citing *Martin v. Dayton Sch. Dist. No. 2*, 536 P.2d 169, 170 (Wash. 1975) (en banc)). Because there are questions of fact about the adequacy of the process Dr. Busey received before that date, on this record, summary judgment against Dr. Busey was unwarranted.

I would reverse the grant of summary judgment in favor of the School District and remand for trial.

I respectfully dissent.

---

[1] In its footnote 1, the majority states that it will not decide whether the argument that "the hearing officer might not have been neutral" has merit "because Dr. Busey did not raise it in his briefing." In fact, the issue was raised by the majority itself in its assertion that "Dr. Busey could have requested a hearing before *a neutral hearing officer* . . . ." Maj. Disp. at 2 (emphasis added). This assertion has no support in the record. Thus, the majority appears to be advancing the remarkable proposition that it can rely on a factual assertion unsupported by the record, which then cannot be disputed, although the contrary fact is clearly stated in the record, as I have demonstrated above, because Dr. Busey did not raise the issue in his brief.