483 So.2d 826 (1986)
Emmette T. GAMBLE, Appellant,
v.
Thomas J. MILLS and the School Board of Palm Beach County, Florida, Appellees.
No. 85-1399.
District Court of Appeal of Florida, Fourth District.
February 26, 1986.
John G. Chamblee, Jr. of Chamblee & Miles, Tampa, for appellant.
Abbey G. Hairston, West Palm Beach, for appellees.
*827 GLICKSTEIN, Judge.
This is an appeal from a final order of the School Board declaring the appellant's continuing contract of employment to be null and void. We affirm and will discuss those matters considered by the school board prior to this appeal.
Appellant was a tenured teacher in the Palm Beach County school system. On April 1, 1985, he was notified by a letter that the Superintendent would recommend that his continuing contract be declared null and void for his failure to maintain a valid regular teacher's certificate. At a meeting of the school board on May 15, 1985, the essential facts were not disputed. Gamble entered into a continuing contract of employment in 1971. His regular teaching certificate expired on June 30, 1983 and became invalid on June 30, 1984. There is a grace period of a year before the certificate becomes invalid. Fla. Admin. Code Rule 6A-4.02. Appellant applied for a temporary certificate which would be effective from July 1, 1984 through June 30, 1985.
Paragraph 12 of his contract of employment provides the following:
This contract shall be null and void and of no further force and effect and shall be terminated if, at the beginning of the school fiscal year, the teacher does not hold a valid regular Teacher's certificate, as defined in State Board of Education Regulations, which shall continue in force and effect throughout the school term. (Emphasis added)[1]
Section 231.36(3)(a), Florida Statutes (1983), provides the following requirements for obtaining a continuing contract:
1. The member must hold a regular certificate as prescribed by s. 231.17 and rules of the State Board of Education (Emphasis added);
2. The member must have completed 3 years of probationary service in the district, 1 year of which shall be the beginning teacher program where required, during a period not in excess of 5 successive years, such service being continuous except for leave duly authorized and granted; and
3. The member must have been recommended by the superintendent for such contract and reappointed by the school board based on successful performance of duties and demonstration of professional competence.
Based on these facts the school board issued an order, adopting the superintendent's recommendation that the appellant's continuing contract be declared null and void. It is this final order of the school board which has been appealed.
The issue is whether the school board erroneously concluded that maintenance of *828 a regular teaching certificate was necessary for the appellant to maintain his continuing contract of employment after the year in which it took effect.
Appellant's only argument is that the school board is unable to terminate his continuing contract because he initially met the requirements for such a contract (including receipt of a regular teaching certificate) and at the time of termination he maintained a temporary teaching certificate.
Section 231.36(3)(a) specifies, as a requirement for obtaining a continuing contract, that the member must hold a regular certificate. Appellant argues that this requirement only applies to a teacher who is initially seeking to obtain continuing contract status, and he asserts that the provisions of the Florida Statutes, which require that a teacher obtain a regular teaching certificate for continuing employment, do not provide that such a contract terminates when a regular certificate lapses.
He further argues that section 231.36(4)(c) lists the only infractions for which a teacher may be dismissed. That section states that a teacher may be dismissed where charges of "immorality, misconduct in office, incompetency, gross insubordination, willful neglect of duty, drunkenness, or conviction of a crime involving moral turpitude" are made. He contends that none of these reasons existed in his case; and that the lapse of the regular certificate did not prevent him from fulfilling his duties specified in the contract.
In addition to complying with the provisions of section 231.36, Florida Statutes (1983) appellant had to comply with the provisions of the contract. The continuing contract form which Gamble signed in 1971 was one approved by the commissioner of education and authorized by the State Board of Education.[2] Section 229.041, Florida Statutes (1983) provides that "All rules, regulations and minimum standards adopted or prescribed by the state board in carrying out the provisions of the school code shall, if not in conflict therewith, have the full force and effect of law."
Paragraph 7 of the contract provides that "This continuing contract of employment shall remain in full force and effect from year to year, subject to all the provisions herein set forth. ..." (Emphasis added.)
Paragraph 12 states that "the contract shall be null and void and of no further force or effect and shall be terminated if at the beginning of the school fiscal year the teacher does not hold a valid regular teacher's certificate... ." To us, this means that continued maintenance is required.
The contract provides in paragraph 10 that "failure of the teacher to fulfill this contract, and to carry out the lawful provisions hereof, unless prevented from doing so by reason of personal illness of the teacher or as otherwise provided by law, shall constitute sufficient grounds for termination of the contract by the other party."
*829 Thus, the meaning of the contract is clear and unambiguous and requires no judicial interpretation. Even the explanatory note at the top of the contract states that it is to be used "for instructional personnel holding a regular certificate." Generally, words in a contract should be given their natural meaning or the meaning most commonly understood in relation to the subject matter and circumstances, with a reasonable construction preferred to one that is unreasonable. Thompson v. C.H.B., Inc., 454 So.2d 55 (Fla. 4th DCA 1984).
Appellant's regular certificate, even including the one year grace period, expired on June 30, 1984. He had a temporary certificate which was effective from July 1, 1984, through June 30, 1985; but for the 1984-85 school year, he did not meet the requirement that he have a regular certificate. We hold that at the hearing on May 15, 1985, the school board could determine that the continuing contract was null and void.
Appellant also argues in reply that if this court accepts the appellees' argument, then the moment the regular certificate lapses the contract would expire. He asserts that this would be in conflict with the Florida Administrative Code Rule 6A-4.02(9), which permits a one-year grace period during which a teacher holding an expired certificate may renew the lapsed certificate.
We conclude that appellee's argument is not a correct reading of the contract. Paragraph 12 of the contract specifically says that it is void if the teacher does not hold a "valid" regular certificate. A certificate only becomes "invalid" after the one year grace period expires pursuant to Rule 6A-4.02(3). Thus the contract is not in conflict with the Administrative Code. The contract would not be void if the certificate had expired but the grace period had not yet lapsed. In this case the grace period ended on June 30, 1984.
DELL and WALDEN, JJ., concur.
NOTES
[1] Other relevant provisions of the contract provide:

1. The School Board enters into this contract of continuing employment with the Teacher pursuant to the laws of Florida and to Section 231.36, et. seq., Florida Statutes, and the action of the School Board heretofore taken, whereby the Teacher was appointed and employed.
* * * * * *
7. This continuing contract of employment shall remain in full force and effect from year to year, subject to all the provisions herein set forth, unless modified by mutual consent in writing by the Parties hereto, except the Teacher may be suspended or removed for cause as provided by law. This contract may also be terminated by the written resignation of the Teacher submitted not later than four (4) weeks before the close of the post-school conference period, to take effect at the end of the school year. Such resignation shall be submitted in substantially the form hereto attached described as Exhibit A, and by reference made a part hereof.
* * * * * *
9. This contract shall not operate to prevent discontinuance of a position as provided by law.
* * * * * *
10. Failure of either party to fulfill the obligations under this contract, and to carry out the lawful provisions hereof, unless prevented from so doing by reason of personal illness of the Teacher, or as otherwise provided by law, shall constitute sufficient grounds for the termination of this contract by the other party, provided however, no termination shall be effective without reasonable notice.
* * * * * *
11. This contract shall at all times be subject to any and all laws and all lawful rules and regulations, and policies now existing, or hereafter enacted.
[2] Currently Fla. Admin. Code Rule 6A-1.64 provides that the contracts used by school boards for instructional personnel must be prescribed by the state board of education:

6A-1.64 Forms for Contracts for Instructional and Professional Administrative Personnel, and Other Personnel.
(1) Forms of contract for annual contracts and for professional service contracts entered into by school boards and instructional and professional administrative personnel as provided by law shall be prescribed by the State Board of Education. Contents of contract forms shall comply with all pertinent provisions of law and State Board Rules. No contract form shall indicate, or be altered to show, any uncertainty with reference to the amount of salary for the contract period of service, or the duration of the period of service, except as the rank, contract status, and qualifications of the teacher may change, or pursuant to a duly adopted collective bargaining agreement, or where membership in a school or program is so unstable that it might be necessary to discontinue classes because of lack of pupils, in which latter case the contract may be stated to be effective at the option of the board conditional on a minimum number of pupils. Any clause inserted in a contract form purporting to provide that the contract salary will be paid only if funds are available shall be null and void.