No. 68,585

DWIGHT E. MCMILLEN, *Appellant,* v. U.S.D. No. 380, MARSHALL COUNTY, KANSAS, *Appellee.*

(855 P.2d 896)

260

Opinion filed June 16, 1993.

*David M. Schauner,* of Topeka, argued the cause, and *Jonathan M. Paretsky,* of Topeka, was on the brief for appellant.

*Fred W. Rausch, Jr.,* of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, C.J.: Plaintiff, Dwight E. McMillen, appeals from a district court order denying his petition for mandamus. The petition requested that the court order the defendant, Board of Education of U.S.D. No. 380, to continue payment of McMillen's salary pending the outcome of a due process hearing and any post-hearing appeals. This appeal is related to our recent decision in *U.S.D. No. 380 v. McMillen,* 252 Kan. 451, 845 P.2d 676 (1993), hereafter *McMillen I.*

The facts underlying this appeal are not in dispute and were set forth in *McMillen I* as follows:

"Dwight E. McMillen was a certified, tenured, public schoolteacher employed by U.S.D. No. 380. On April 1, 1991, the school board of the district adopted a resolution stating its intent to nonrenew McMillen's contract. On April 10, 1991, the board notified McMillen in writing of its intent not to renew his contract for the 1991-92 academic year. McMillen timely requested a due process hearing pursuant to K.S.A. 72-5436 *et seq.* The hearing was conducted in August 1991, and on October 30, 1991, the hearing committee issued its written opinion in which it found, in a two-to-one decision, that the school board failed to show good cause to nonrenew McMillen's employment contract. The hearing committee concluded that the resolution of intent to nonrenew the contract should be rescinded and that McMillen should be reinstated to his teaching position with back pay. On November

4, 1991, the school board adopted the opinion of the hearing committee as its decision, as required by K.S.A. 1991 Supp. 72-5443." 252 Kan. at 452.

U.S.D. No. 380 subsequently filed a notice of appeal and petition in district court, pursuant to K.S.A. 1991 Supp. 60-2101(d) and K.S.A. 1991 Supp. 72-5443, alleging, among other things, that K.S.A. 1991 Supp. 72-5443 violated §§ 2 and 5 of Article 6 of the Kansas Constitution. The district court determined that the statute was unconstitutional and McMillen appealed from that order. This court on review held that K.S.A. 1991 Supp. 72-5443 did not violate the provisions of either § 2 or § 5 of Article 6 of the Kansas Constitution. This court also held that while the school board was required to adopt the opinion of the due process committee as the board's decision, it had the right to appeal such opinion and decision. We reversed the trial court's determination that the statute was unconstitutional and remanded the case to the district court for review on the merits. That case is still pending in district court.

On February 5, 1992, McMillen filed a petition for mandamus in district court, seeking an order compelling the Board of Education "to continue payment of his salary until such time as Mr. McMillen's continuing contract with the Plaintiff is terminated as a result of Defendant's appeal in *Unified School District No. 380, Marshall County, Kansas v. Dwight E. McMillen,* Case No. 91-CV-52." The trial court denied the petition for mandamus, reasoning that the Board of Education had followed the applicable law for teacher termination. The district court also reasoned that the teacher was fully protected, and in the event that the teacher prevailed, he would be fully compensated. McMillen timely filed a notice of appeal to the Kansas Court of Appeals. The appeal was transferred to this court pursuant to K.S.A. 20-3018(c).

McMillen has designated two issues on appeal:

"I. Does the District have a legal duty to continue Mr. McMillen's salary payments when he has not been properly terminated by the Board of Education?

"II. Is mandamus the appropriate remedy for enforcing Mr. McMillen's legal rights?"

The first issue is stated differently by U.S.D. No. 380. It characterizes the issues as follows:

"I. Does the School District have the legal duty to pay Mr. McMillen's salary following the expiration of his contract of employment for the 1990-91 school year and pending action by a due process hearing committee and pending any appeals from the action of said committee or pending appeals by Mr. McMillen or the School District?

"II. Is mandamus the appropriate remedy for the relief sought by Mr. McMillen?"

We will first direct our attention to the jurisdictional issue of whether mandamus is appropriate for resolution of the issues asserted in the district court and on appeal.

K.S.A. 60-801 provides:

"Mandamus is a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law."

Although U.S.D. No. 380 concedes that mandamus is the appropriate avenue for relief, this court when determining jurisdiction, is not bound by the admissions or concessions of the parties. Mandamus, being an extraordinary remedy, may only be used in certain specific instances and is generally recognized as appropriate for the purpose of compelling a public officer to perform a clearly defined duty imposed by law and not involving the exercise of discretion. *Manhattan Buildings, Inc. v. Hurley,* 231 Kan. 20, 26, 643 P.2d 87 (1982); *Mobil Oil Corporation v. McHenry,* 200 Kan. 211, Syl. ¶ 14, 436 P.2d 982 (1968). Even in cases where an adequate remedy exists at law, mandamus may be appropriate under limited circumstances. In *State ex rel. Stephan v. Kansas House of Representatives,* 236 Kan. 45, Syl. ¶ 1, 687 P.2d 622 (1984), we held:

"Mandamus is a proper remedy where the essential purpose of the proceeding is to obtain an authoritative interpretation of the law for the guidance of public officials in their administration of the public business, notwithstanding the fact that there also exists an adequate remedy at law."

In the instant case we are faced with an issue of first impression, vital to all school boards and teachers, which is not clearly covered by our statutes. Under these circumstances we have no hesitancy in finding that mandamus is an appropriate proceeding in which to resolve the issue now before the court.

We now turn to the principal issue before the court. The parties do not dispute the fact that the school board gave McMillen a notice of intent to nonrenew his teaching contract for the 1991-92 school year as required by K.S.A. 72-5437 (Ensley 1985). Nor is it disputed that McMillen timely requested a hearing as provided by statute. The hearing committee, selected pursuant to the applicable statutes, conducted a full hearing in August 1991 and issued its written opinion October 30, 1991. Subsequently, the school board adopted the opinion as its decision as it was required to do by K.S.A. 1991 Supp. 72-5443(b). On November 20, 1991, the school board filed a notice of appeal to the district court.

The issue squarely before us is whether the school board was obligated to continue paying McMillen's salary past the end of the 1990-91 contract year and, if so, for how long thereafter.

McMillen divides the issue into three sub-parts or arguments, asserting (1) he has a constitutional right to continue to receive his salary until his employment has been terminated; (2) Kansas statutes require that he continue to receive his salary pending final determination of the due process proceedings, including any appeals; and (3) equity requires granting the requested relief.

McMillen argues that a tenured teacher's right to continued employment is a property interest protected by the Fourteenth Amendment, and that the State may not deprive an individual of the right to practice his chosen profession without providing due process. He contends that his termination violated due process requirements of the United States Constitution.

To be entitled to due process, McMillen must have a property interest in his continued employment with U.S.D. No. 380. State law rather than the United States Constitution must provide the source of this property interest. *Kosik v. Cloud County Community College*, 250 Kan. 507, 512, 827 P.2d 59 (citing *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538, 84 L. Ed. 2d 494, 105 S. Ct. 1487 [1985]), *cert. denied* ___ U.S. ___, 121 L. Ed. 2d 138 (1992). *Kosik* observes "[o]nce the State has conferred a property interest, the property interest cannot be taken without constitutional, procedural due process. 470 U.S. at 541. In Kansas, a public employee who may be discharged only 'for cause' has a property interest in continued employment." 250

Kan. at 512. We agree with McMillen that a tenured teacher's right to continued employment is a property right subject to the protections of due process.

The real issue before us is the extent of the due process required prior to termination of the tenured teacher's right to continue to receive his or her salary. McMillen relies heavily on *Loudermill* for his contentions that he has a constitutional right to a due process proceeding prior to termination of his salary and a right to continuation of his salary thereafter until all appeals have been finally resolved. We agree with his first contention.

In *Loudermill,* the Board of Education hired Loudermill as a security guard. Under Ohio law, Loudermill was designated as a "classified civil servant" and by statute could be terminated only "for cause." On his job application, Loudermill stated he had never been convicted of a felony. Upon discovering that he had in fact been convicted of grand larceny, the Board dismissed him for dishonesty. He was not afforded an opportunity to respond to the dishonesty charge or to challenge the dismissal. Loudermill filed suit in federal district court, alleging that the Ohio statute providing for administrative review was unconstitutional on its face because it provided no opportunity for a discharged employee to respond to charges against him prior to removal, thus depriving him of liberty and property without due process. The district court dismissed the suit for failure to state a claim on which relief could be granted. The Court of Appeals for the Sixth Circuit reversed in part and ordered a remand, holding that Loudermill had been deprived of due process and that the compelling private interest in retaining employment, combined with the value of presenting evidence prior to dismissal, outweighed the added administrative burden of a pretermination hearing. *Cleveland Board of Education v. Loudermill,* 721 F.2d 550, 562 (6th Cir. 1983). The United States Supreme Court granted *certiorari.* The Supreme Court determined that the Ohio statute plainly supported the conclusion that Loudermill possessed property rights in continued employment. The Court then explained the extent of due process required by the United States Constitution:

"We have described 'the root requirement' of the Due Process Clause as being 'that an individual be given an opportunity for a hearing *before* he

is deprived of any significant property interest.' *Boddie v. Connecticut,* 401 U.S. 371, 379 (1971) (emphasis in original); see *Bell v. Burson,* 402 U.S. 535, 542 (1971). This principle requires 'some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment. *Board of Regents v. Roth,* 408 U.S., at 569-570; *Perry v. Sindermann,* 408 U.S. 593, 599 (1972). As we pointed out last Term, this rule has been settled for some time now. . . .

"The need for some form of pretermination hearing, recognized in these cases, is evident from a balancing of the competing interests at stake. These are the private interest in retaining employment, the governmental interest in the expeditious removal of unsatisfactory employees and the avoidance of administrative burdens, and the risk of an erroneous termination. See *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976)." 470 U.S. at 542-43.

The Court went on to describe in more detail the due process requisites of the pretermination hearing:

"The foregoing considerations indicate that the pretermination 'hearing,' though necessary, need not be elaborate. We have pointed out that '[t]he formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings.' *Boddie v. Connecticut,* 401 U.S., at 378. See *Cafeteria Workers v. McElroy,* 367 U.S. 886, 894-895 (1961). In general, 'something less' than a full evidentiary hearing is sufficient prior to adverse administrative action. *Mathews v. Eldridge,* 424 U.S., at 343. Under state law, respondents were later entitled to a full administrative hearing and judicial review. The only question is what steps were required before the termination took effect.

"In only one case, *Goldberg v. Kelly,* 397 U.S. 254 (1970), has the Court required a full adversarial evidentiary hearing prior to adverse governmental action. However, as the *Goldberg* Court itself pointed out, see *id.,* at 264, that case presented significantly different considerations than are present in the context of public employment. *Here, the pretermination hearing need not definitively resolve the propriety of the discharge. It should be an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action.* See *Bell v. Burson,* 402 U.S., at 540.

". . . The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. [Citations omitted.] To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee.

. . . .

"*We conclude that all the process that is due is provided by a pretermination opportunity to respond, coupled with post-termination adminis-*

*trative procedures as provided by the Ohio statute."* 470 U.S. at 545-48. (Emphasis added.)

. It appears clear from *Loudermill* that although a minimal due process hearing is required prior to termination of a protected employment right, once such a pretermination hearing has been provided the employee may be terminated so long as state statutes provide for a full administrative hearing thereafter. *Loudermill* does not support McMillen's argument that he is entitled to a continuation of his salary throughout the statutory appeals process.

Indeed, Justice Marshall, although concurring in the judgment, wrote separately to register his concern with what the majority of the Court did *not* hold:

"I write separately, however, to reaffirm my belief that public employees who may be discharged only for cause are entitled, under the Due Process Clause of the Fourteenth Amendment, to more than respondents sought in this case. I continue to believe that before the decision is made to terminate an employee's wages, the employee is entitled to an opportunity to test the strength of the evidence 'by confronting and cross-examining adverse witnesses and by presenting witnesses on his own behalf, whenever there are substantial disputes in testimonial evidence,' *Arnett v. Kennedy,* 416 U.S. 134, 214 (1974) (Marshall, J., dissenting). *Because the Court suggests that even in this situation due process requires no more than notice and an opportunity to be heard before wages are cut off, I am not able to join the Court's opinion in its entirety."* (Emphasis added.) 470 U.S. at 548 (Marshall, J., concurring).

K.S.A. 72-5436 *et seq.* establish a comprehensive due process procedure which may be invoked by a tenured teacher who disagrees with a school board's notice of intent to nonrenew the teaching contract. K.S.A. 1991 Supp. 72-5439 sets forth in detail the procedural and other requirements of the statutory due process hearing. However, nothing in our statutes requires that a nonrenewed teacher's salary must be continued until the statutory due process proceeding and any appeals therefrom are finally completed. As in *Loudermill,* Kansas statutes provide for a full adversarial due process hearing following termination of the teacher's contract. Based upon the decision in *Loudermill* and the failure of our statutes to address the issue, we conclude that McMillen had a constitutional right to continue to receive his salary until given a pretermination hearing.

As recognized in *Loudermill*, the pretermination hearing does not require the formalities and procedural requisites to the extent provided by our statutory due process procedure. The pretermination hearing need be nothing more than a hearing at which the teacher is advised of the charges and given an explanation of the nature of the evidence upon which the school board relies, along with an opportunity for the teacher to present his or her side of the story and any explanation the teacher may care to make in denying the charges. Such a hearing could be provided by an appropriate administrative officer of the school district. If such a hearing is provided, then the constitutional due process recognized in *Loudermill* has been satisfied. Until such time, the teacher is entitled to continue to receive the salary provided by the contract between the parties.

In the instant case, as no pretermination hearing was provided before or after the end of the 1990-91 contract year, McMillen had a constitutional right to continue to receive his salary until such time as the statutory due process hearing was concluded. The comprehensive due process hearing provided by K.S.A. 1991 Supp. 72-5439, absent any pretermination hearing, adequately fulfills constitutional due process and supplants the need for a pretermination hearing of the type described in *Loudermill*. The due process requirements of the Fourteenth Amendment do not require the payment of salary after that time. See 470 U.S. at 546.

McMillen's next argument in support of his contention that his salary should continue to be paid throughout the completion of the due process procedure and through all appeals taken therefrom is that "The Provisions of the Kansas Continuing Contract Law, K.S.A. 72-5411 *et seq.,* and the Kansas Teacher Due Process Law, K.S.A. 72-5436 *et seq.,* Combine to Require Mr. McMillen's Salary Payments Pending Resolution of Due Process Proceedings."

Unfortunately, the statutes do not specifically address the issue and therefore are subject to construction and application by the court. The applicable statutes provide in pertinent part:

K.S.A. 72-5411 (Ensley 1985):

"All contracts of employment of teachers in the public schools in the state shall continue in full force and effect during good behavior and efficient and

competent service rendered by the teacher, and all contracts of employment shall be deemed to continue for the next succeeding school year unless written notice of intention to terminate the contract is served by the board of education upon any teacher on or before April 10."

K.S.A. 1991 Supp. 72-5412:

"All contracts shall be binding on both the teacher and board of education of the school district until the teacher has been legally discharged from such teacher's teaching position or until released by the board of education from such contract. Until such teacher has been discharged or released, such teacher shall not have authority to enter into a contract with the board of education of any school district for any period of time covered in the original contract."

K.S.A. 72-5437 (Ensley 1985):

"All contracts of employment of teachers, as defined in K.S.A. 72-5436, and amendments thereto, except contracts entered into under the provisions of K.S.A. 72-5412a, and amendments thereto, shall be deemed to continue for the next succeeding school year unless written notice of termination or nonrenewal is served as provided in this section. Written notice to terminate a contract may be served by a board upon any teacher prior to the time the contract has been completed, and written notice of intention to nonrenew a contract shall be served by a board upon any teacher on or before April 10."

K.S.A. 1990 Supp. 72-5438:

"Whenever a teacher is given written notice of intention by a board to not renew or to terminate the contract of the teacher as provided in K.S.A. 72-5437, and amendments thereto, the written notice of the proposed non-renewal or termination shall include (1) a statement of the reasons for the proposed nonrenewal or termination, and (2) a statement that the teacher may have the matter heard by a hearing committee upon written request filed with the clerk of the board of education . . . ."

A careful reading of the statutes discloses that the legislature has not specifically stated when a contract terminates if the teacher invokes due process procedures to contest nonrenewal. Likewise, the statutes are silent on the issue of salary continuation during the due process proceedings.

In construing several statutes on the same subject matter, they must be read in pari materia. As stated in *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987):

"In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the

court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible."

When the provisions of two or more acts affect the same issue and subject matter, the same rule applies. *Martindale v. Tenny,* 250 Kan. 621, Syl. ¶ 6, 829 P.2d 561 (1992).

McMillen argues that he has not been "legally discharged" from his teaching position, that his contract is therefore still binding on the district, and consequently he is entitled to continue to receive his salary. He relies upon one sentence from K.S.A. 1991 Supp. 72-5412, which provides: "All contracts shall be binding on both the teacher and board of education of the school district until the teacher has been legally discharged from such teacher's teaching position or until released by the board of education from such contract."

In advancing this argument, McMillen ignores the plain language of K.S.A. 72-5411 (Ensley 1985) and K.S.A. 72-5437 (Ensley 1985). Both statutes explicitly state that all contracts of employment shall be deemed to continue for the next succeeding school year *unless* written notice of intent to terminate or intent to nonrenew a contract of employment is served by a board of education upon a teacher on or before April 10. Both parties agree that the appropriate notice of intent to nonrenew was timely served upon McMillen and that he timely invoked the due process proceedings. Once a school board has given written notice of intent to nonrenew a teacher's contract, the statutes require nothing further of the board, and we conclude the contract ordinarily expires at the end of the contract year. When all of the applicable statutes are read together in their entirety, it appears clear the legislature intended the contract to terminate at the end of the contract year if appropriate notice of intent to nonrenew was given. Termination of the contract also terminates the teacher's right to receive any further salary, subject only to the constitutional right, as recognized in *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 84 L. Ed. 2d 494, 105 S. Ct. 1487 (1985), to a minimal pretermination hearing.

We do not agree with McMillen that *Loudermill* and our statutes require continuation of his salary throughout the entire court proceedings which may ensue if one or both parties appeal from the opinion rendered by the due process committee. Certainly

there is no such constitutional requirement in *Loudermill*. That case stands for the proposition that a person who has a property interest in his or her employment is entitled to continue to receive a salary until granted a pretermination hearing. Nothing in our statutes provides for payment of salary after termination of a teacher's contract. As we have pointed out, the employment contract terminates at the end of the contract year if the teacher was given the appropriate notice of intent to nonrenew the contract subject only to a pretermination hearing. There is no requirement that salary be continued past the date of the expiration of the existing contract year or the date of a pretermination hearing, whichever occurs last.

For his third argument, McMillen urges that "Equitable Considerations Require Granting Mandamus Relief." He again asserts that U.S.D. No. 380 has not "legally discharged" him from employment. He claims that K.S.A. 1991 Supp. 72-5412 prevents him from seeking employment in another school district and claims that because U.S.D. No. 380 refuses to pay his salary, he could be "forced onto the welfare rolls."

This argument is not persuasive. McMillen has failed to consider K.S.A. 1991 Supp. 72-5412 in its entirety and in conjunction with the explicit language of K.S.A. 72-5411 (Ensley 1985). K.S.A. 1991 Supp. 72-5412 provides in relevant part:

"All contracts shall be binding on both the teacher and board of education of the school district until the teacher has been legally discharged from such teacher's teaching position or until released by the board of education from such contract. Until such teacher has been discharged or released, such teacher shall not have authority to enter into a contract with the board of education of any school district for any period of time covered in the *original* contract." (Emphasis added.)

Pursuant to 72-5411 and 72-5437, McMillen's statutory right to continuation of his original contract expired at the end of the 1990-91 contract year. McMillen was free to seek employment in another school district for the 1991-92 contract year. Indeed, this court has stated that "[t]he purpose of notice of nonrenewal is to advise the teacher of Board action early enough in the year to afford the teacher a reasonable opportunity to find other employment." *U.S.D. No. 461 v. Dice*, 228 Kan. 40, 42, 612 P.2d 1203 (1980).

In considering the equitable argument, we must weigh the equities as they affect both parties. This case started in the summer of 1991, has been the subject matter of two appeals to the Supreme Court, and still has not been heard on the merits in the district court. If past performance is any indication, there will be at least one more appeal before this matter is finally resolved. If a school board were required to continue to pay the salary of a teacher who has been terminated until the matter is finally resolved through the judicial process, and if that resolution proved to be favorable to the school board, the chances of the school board ever recovering its money would be questionable, at best. On the other hand, the terminated teacher is free to seek employment elsewhere and, if successful in the litigation, is subject to reinstatement with back pay and salary, subject to any collateral issues which might be relevant, with the assurance that such payment is backed by a governmental entity and that recovery will be obtained.

U.S.D. No. 380 correctly observes that no reported appellate decision in Kansas has required a school board to pay wages to a teacher pending conclusion of due process proceedings on appeal. U.S.D. No. 380 notes that the remedy consistently awarded by this court has been back pay with interest and reinstatement. U.S.D. No. 380 reasons that if teachers had been "technically employed" by the school district following timely written notice of a school board's intention to terminate their contracts of employment, then there would have been no need for the appellate courts to order reinstatement. We find that McMillen's equitable argument lacks merit.

One final matter must be resolved. As we have determined that the statutes provide for termination of McMillen's right to a continuing contract at the end of the 1990-91 contract year, and as he was constitutionally entitled to a pretermination due process hearing under *Loudermill,* when were the constitutional requirements satisfied? We conclude that if a pretermination hearing consistent with *Loudermill* had been provided, McMillen's right to continue to receive his salary would have terminated along with his contract at the end of the contract year or when given the pretermination hearing, whichever occurred last. As no pretermination hearing was provided, McMillen was entitled to

continue to receive his salary until the statutory due process hearing was completed. We further conclude that the appropriate time for termination of the contract and salary, in a case such as this, is when the school board rejects the opinion of the hearing committee and files an appeal to the district court. While K.S.A. 1991 Supp. 72-5443(b) requires the school board to adopt the opinion of the committee as its decision, the board does not necessarily accept or concur with such opinion when it complies with the statute. We held in *McMillen I* that a school board has the right to appeal even though it has followed the requirement of the statute and adopted the hearing committee opinion. If the school board does not accept the opinion and determines to appeal to the courts, then the teacher's contract and right to continue to receive a salary terminate as of the date of the filing the notice of appeal. If the school board accepts as final an opinion which supports the teacher's objection to nonrenewal and foregoes the right to appeal, the contract is not terminated and the teacher would continue to receive his or her salary. Likewise, in a case where the opinion is adverse to the teacher, the teacher's salary would terminate when the teacher determines to accept the opinion of the committee and the decision of the board or at the time the teacher files an appeal to the district court. We conclude that such a procedure complies with the applicable statutes, the constitutional requirements of *Loudermill,* and the best interests of all parties concerned. Anything more is a matter for the legislature and not this court.

The procedure which we adopt here should work to the benefit of all parties. If the statutory due process hearing cannot be completed before the end of the contract period, the board should seek to comply with the pretermination hearing requirements of *Loudermill* at the earliest possible moment. If it fails to do so, the teacher's salary continues until a pretermination hearing or the statutory hearing is completed as hereinbefore set forth. Both parties will have incentives to seek a speedy resolution of the controversy without the unwarranted delays that have plagued this case. It should be obvious that in the event the teacher does not object to the nonrenewal no hearing of any kind is required.

In conclusion, we hold that McMillen was entitled to continue to receive his salary until November 20, 1991, the date the school

board filed its notice of appeal with the district court. The judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.