The Honorable Janis K. Lee State Senator, 36th District RR 1, Box 145 Kensington, Kansas 66951
Dear Senator Lee:
You request our opinion regarding whether an executive session may be used by a body subject to the Kansas open meetings act, K.S.A.75-4317 (KOMA), to discuss an applicant or prospective employee.
The KOMA requires that meetings of public bodies be open. K.S.A.75-4318. According to the KOMA, a public body subject to the act may recess into closed executive session to discuss six specific subjects listed in K.S.A. 1995 Supp. 75-4319(b). Executive sessions are not required to discuss these matters but are merely permitted. The exceptions to the requirement of openness are to be narrowly construed.See Attorney General Opinion No. 87-10; Smoot and Clothier, Open MeetingsProfile: The Prosecutor's View, 20 Wn.burn L.J. 241, 275 (1981).
The exception for personnel matters, K.S.A. 1995 Supp. 75-4319, is as follows:
 "(b) No subjects shall be discussed at any closed or executive meeting, except the following:
(1) Personnel matters of non-elected personnel; "
The Attorney General's office has never formally considered this issue. In Attorney General Opinion No. 87-10 it was concluded that a body could not go into executive session to discuss the qualifications for candidates for appointed positions on boards or committees. The basis of this opinion, however, was not that the individuals were candidates, but rather that they were candidates for appointed positions on boards and committees and were therefore not "personnel." We interpret your question to concern only prospective employees who would be considered personnel.
Commentators have said that the purpose of this provision is to protect the privacy of employees, save personal reputations, and to encourage qualified people to select and remain in the employ of government. Smoot and Clothier, supra, at 275; Tacha, The Kansas Open Meeting Act: Sunshineon the Sunflower State?, 25 Kan. L. Rev. 169, 195 (1977). Both commentators agree that the exception covers hiring employees, as well as personnel matters after the employee is hired. The Attorney General's Office has never formally considered this issue.
The Kansas open records act, K.S.A. 1995 Supp. 45-221 et seq. (KORA), serves as a counterpart to KOMA in ensuring that government is conducted in the open. One of the exceptions to KORA permits discretionary closure of personnel records, K.S.A. 1995 Supp. 45-221(a). It provides, in relevant part:
 "(a) Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose: . . .
 "(1) Personnel records, performance ratings or individually identifiable records pertaining to employees or applicants for employment, . . ." (Emphasis added.)
The purpose of the personnel records exception under KORA is the same as that for the personnel matter's exception under KOMA — protection against an invasion of personal privacy. See Kansas Attorney General Opinion No. 91-50. It would be inconsistent with the purposes of both these exceptions to conclude that one protects prospective employees (KORA) and the other does not (KOMA). The privacy interest is the same.
 "In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious and sensible. When the provisions of two or more acts affect the same issue and subject matter, the same rule applies." McMillen v. U.S.D. No. 380, 253 Kan. 259, Syl. ¶ 7, (1993).
Because the privacy interest is the same, a public body may go into executive session under K.S.A. 1995 Supp. 75-4319(b)(1) to interview, discuss, and consider applicants or prospective employees of that body in order to protect that prospective employee's privacy interests. As always, however, binding action may not be taken in executive session.See K.S.A. 1995 Supp. 75-4319(c).
This conclusion is buttressed by Attorney General Opinion No. 89-42 in which it was concluded that, under some circumstances, when a record may be closed under KORA, but there is not a corresponding exception under KOMA, a body may recess into executive session to discuss the contents of the closed record.
To summarize, we conclude that when a public body is subject to the KOMA, that body may go into executive session under K.S.A. 75-431(b)(1), the personnel matters exception, to interview, discuss, and consider applicants or prospective employees of that body in order to protect that person's privacy interests.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm