(10 P.3d 21)

No. 83,971

MICHAEL BAUGHMAN, WILLIAM McGIVERN, GLEN LOONEY, and FRANK BUCK, *Appellees*, v. UNIFIED SCHOOL DISTRICT No. 500, *Appellant*.

Opinion filed August 4, 2000.

*Deryl W. Wynn* and *Juliann Johnson*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for the appellant.

*Todd D. Powell* and *Stephen W. Cavanaugh*, of Fisher, Cavanaugh, Smith & Lemon, P.A., of Topeka, for the appellees.

Before LEWIS, P.J., PIERRON, J., and DAVID W. KENNEDY, District Judge, assigned.

PIERRON, J.: The appellees, Michael Baughman, William McGivern, Glen Looney, and Frank Buck are tenured instructors in good standing at the Area Vocational Technical School (AVTS) in the Kansas City school district. During the 1997-98 school term, the appellees taught summer classes under an extended contract in addition to teaching during the regular school year under their primary contract. The sum of their salaries under the primary and secondary contracts was allocated equally among the number of pay periods in the contract year.

In April 1998, the appellees were notified that enrollment in their summer classes was insufficient to justify continuing to offer the classes and for that reason the appellant, Unified School District No. 500, was recommending their contracts for the summer of 1999 not be renewed. The appellees requested and received the general enrollment data relied upon. They prepared a memorandum voicing their objections to the discontinuation of the summer classes, which the superintendent presented to the school board at the same time he presented the appellant's proposal to eliminate the summer classes with insufficient enrollment. The superintendent presented additional information to the board beyond the basic information and explanation that had been given to the appellees. The board voted not to renew the appellees' contracts for the summer classes.

The appellees then requested a hearing pursuant to K.S.A. 72-5436 *et seq.*, which they received on November 5, 1998. The parties stipulated that the hearing was timely requested and convened in accordance with applicable state law and that the appellees were competent and performed their duties in a satisfactory manner. The parties also stipulated to the following: (1) the hearing officer's standard for reviewing the school board's decision as stated in *Gillett v. U.S.D. No. 276*, 227 Kan. 71, 605 P.2d 105 (1980), and (2) the rule regarding continuation of salary during pendancy of due process hearings as stated in *McMillen v. U.S.D. No. 380*, 253 Kan. 259, 855 P.2d 896 (1993).

The hearing officer determined that the appellant had demonstrated good cause for nonrenewal of the appellees' contracts. However, the officer also found that the appellees had been denied adequate pretermination process. Therefore, the hearing officer found that the appellees should have received a salary inclusive of the extended contract amount through an appropriate period of time whose calculation is not necessary to delineate in this decision.

Both parties appealed to the district court, which affirmed the hearing officer's decision. Unified School District No. 500 appealed.

The parties assume the existence of a property interest by the appellees of some kind in the summer contracts. The appellees make no attempt to establish their entitlement to renewal of their extended contracts. However, in order to determine whether the appellees received an adequate hearing prior to the school board's decision not to renew their extended contracts, we must first consider whether the appellees had a constitutionally protected right, and, if so, to what extent.

A constitutional due process claim depends upon a property right in continued employment. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538, 84 L. Ed. 2d 494, 105 S. Ct. 1487 (1985). Property interests are not defined by the Constitution but by the rules or understandings of another source, such as state law. *Loudermill*, 470 U.S. at 538.

In Kansas, a tenured teacher's right to continued employment is a property right created by the Continuing Contract Law, K.S.A.

72-5410 *et seq.* A teacher may not be deprived of that right without notice and an opportunity to be heard. *McMillen v. U.S.D. No. 380*, 253 Kan. 259, Syl. ¶¶ 4,5; see *Loudermill*, 470 U.S. at 545-46. The Teacher Due Process Act, K.S.A. 72-5436 *et seq.*, governs this procedure. See *NEA-Wichita v. U.S.D. No. 259*, 225 Kan. 395, 398, 592 P.2d 80 (1979). The purpose of tenure and the Teacher Due Process Act is to protect competent and worthy teachers against unjust dismissal and promote conditions which will encourage their professional growth. It does not confer upon them special privileges or immunities to retain their positions or salary or to interfere in the efficient operation of the school system. *Bauer v. U.S.D. No. 452*, 244 Kan. 6, 9, 765 P.2d 1129 (1988) (quoting *Gillett v. U.S.D. No. 276*, 227 Kan. at 76).

The contracts at issue were extended contracts for duties in addition to teaching classes during the regular 186-day school year. Contracts for additional duties over those required by a primary teacher's contract are supplemental contracts. K.S.A. 72-5412a; *NEA-Wichita v. Bd. of Education of U.S.D. No. 259*, 225 Kan. at 402. The statutory due process requirements do not apply to supplemental contracts. K.S.A. 72-5412a. Although this action began with a request for a hearing pursuant to K.S.A. 72-5438(b), the extended contracts unambiguously express that they are valid for a single year and not intended to be subject to the continuing contract provisions. The extended contracts state: "It is hereby understood and agreed that this Extended Contract is valid only for the 1997-98 school term and is not renewed under the terms of the Continuing Contract Law K.S.A. 72-5437."

It appears the appellees had neither a statutory right nor a contractual right to continued summer employment. Nevertheless, they were arguably treated as though they had tenure with respect to the summer classes. Despite the language of the contract and the exception of K.S.A. 72-5412a, they were given timely notice as required by the continuing contract law and given an opportunity to respond in writing.

In its suggested conclusions of law submitted to the hearing officer, the appellant argued the appellees were not entitled to a hearing at all because there were no personal allegations against

them. However, the appellant has never raised the fundamental question of whether the appellees had a property right. Neither issue has been briefed on appeal. Consequently, they are deemed waived. See *Ekan Properties v. Wilhm*, 262 Kan. 495, 503, 939 P.2d 918 (1997). Nevertheless, it is necessary to review the basic assumption that *some* process is due in order to reach a valid conclusion about *how much* process is due.

Assuming, as the parties did, that the appellees had a property interest sufficient to trigger due process requirements, the question becomes how much process is due teachers who have for a number of years been teaching summer courses in addition to primary teaching assignments, before a decision is made to eliminate the courses?

We review the hearing officer's decision as though it were appealed directly to us. We may not reweigh the evidence or substitute our judgment for that of the hearing officer. *U.S.D. No. 500 v. Robinson*, 262 Kan. 357, 361, 940 P.2d 1 (1997). The reviewing court may reverse an administrative action if it is based on an erroneous interpretation or application of the law. K.S.A. 77-621(c)(4); *Lawrence Preservation Alliance, Inc. v. Allen Realty, Inc.*, 16 Kan. App. 2d 93, 103, 819 P. 2d 138 (1991), *rev. denied* 250 Kan. 805 (1992).

In *Loudermill*, the United States Supreme Court considered the extent of pretermination process to be accorded a public employee who can be discharged only for cause. We should note that both consolidated cases in *Loudermill* involved a complete severance of the employment relationship and both involved allegations of the employee's fault (lying on an employment application) or deficiency (failure of an eye examination). Both the employees were discharged without even an informal opportunity to contest the facts on which their discharges were based. Both had plausible arguments to make that might have prevented their discharge. One, in fact, was reinstated after a post-termination hearing. The district court dismissed both cases for failure to state a claim for which relief could be granted.

The *Loudermill* Court determined that where public employees have a property interest in continued employment, due process

requires pretermination procedural safeguards. The pretermination hearing is "an initial check against mistaken decisions" and "need not definitively resolve the propriety of the discharge." 470 U.S. at 545-46. The purpose is to determine whether there are reasonable grounds to believe the charges against the employee are true and support termination. The hearing is necessary but need not be formal. Its requirements will depend upon the interests involved and the nature of subsequent proceedings.

As the appellees note in their well-researched and well-argued brief, the Court held that a tenured employee is entitled to oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity to present his or her side of the story. To require more, the Court concluded, would intrude too much on the government's immediate interest in removing the employee. A pretermination opportunity to respond is all the process that is due, when coupled with post-termination procedures. Because the *Loudermill* plaintiffs alleged they had *no* chance to respond, the district courts erred in dismissing the cases for failure to state a claim. 470 U.S. at 546-48. The Court suggested a balancing of interests but did not define the procedural requirements beyond saying there must be something more than nothing.

Here, the appellees argue they received inadequate notice because they did not receive *all* information the appellant had relied upon in recommending that the courses be dropped. They also argue they did not have an adequate hearing because they were not permitted to address the local school board in person while the appellant presented its proposal in person.

These arguments are not persuasive considering the limited purpose of the predeprivation process here. The board was faced with what was primarily a policy decision—whether to continue offering certain courses. This incidentally required a decision about the accompanying teacher contracts for those courses. There was no allegation of misconduct, nor were the primary contracts of employment implicated.

The United States Supreme Court has rejected the proposition that due process *always* requires the State to provide a hearing prior to the initial deprivation of a property interest. *Gilbert v.*

*Homar*, 520 U.S. 924, 930, 138 L. Ed. 2d 120, 117 S. Ct. 1807 (1997) (citing *Parratt v. Taylor*, 451 U.S. 527, 68 L. Ed. 2d 420, 101 S. Ct. 1908 [1981]). Three factors are relevant in determining what process is constitutionally due: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest in prompt termination. *Mathews v. Eldridge*, 424 U.S. 319, 335, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976) (existing administrative procedures adequate without evidentiary hearing prior to initial termination of disability benefits).

In *Homar*, the Court held that a presuspension hearing was not necessary when a police officer was suspended without pay after his arrest on felony charges because the decision was based on independently verifiable facts. There, the risk of erroneous deprivation and the likely value of additional procedures were both low. 520 U.S. at 933-34. Furthermore, where adequate post-termination procedures are available, as in *Mathews*, the risk of erroneous deprivation is low because the deprivation is short-term.

As is cogently argued by the appellant's brief, under the facts of this case, whatever property interest that was implicated was adequately protected by the procedure that was followed.

A tenured teacher is entitled to oral or written notice of the charges, an explanation of the employer's evidence, and a pretermination opportunity to respond. The pretermination hearing need not be a full, formal evidentiary hearing. *McMillen v. U.S.D. No. 380*, 253 Kan. at 265; see *Loudermill*, 470 U.S. at 545-46.

However, this is not a teacher termination case. The appellees were retained in their positions under their primary contracts. The appellant's action is more properly construed as a partial layoff than a termination or nonrenewal. See *Baldwin v. U.S.D. No. 418*, 23 Kan. App. 2d 280, 284-85, 930 P.2d 18, *rev. denied* 260 Kan. 991 (1996) (distinguishing between severance of employment relationship and a change of terms pursuant to a negotiated master contract). The nature of the appellees' interests in their extended contracts is a factor in the balancing of interests called for under

*Loudermill.* The uncertainty of renewal was made known to the appellees when they signed the contract. The contract clearly states that it is for 1 year only and the continuing contract law does not apply. Furthermore, although the employment relationship is altered, it is not severed, and the deprivation is neither certain nor permanent. Unanticipated demand for the classes could result in a later contract offer. In fact, for two of the appellees, it already has. The private interest at stake, while substantial, is not of the same class as termination. Consequently, the appellees are entitled to less prior to the action.

More importantly, there are no allegations that the appellees were singled out for any reason other than low enrollment in their summer classes. The United States District Court for the Northern District of Illinois recently considered a due process claim by 138 tenured teachers laid off without cause. The court's reasoning is persuasive here. The court dismissed the claim because a hearing would have been futile as there were no personal charges to refute and findings regarding the teachers' tenure, conduct, qualifications, or competency would not have barred the layoffs. See *Shegog v. Board of Educ. of City of Chicago*, 2000 WL 555504 (N.D. Ill. May 4, 2000).

Here, there are no allegations of fault. In fact, the appellant stipulated that the appellees had performed their jobs in a satisfactory and competent manner. There were no person-specific facts to be contested at a hearing. The decision was based on independently verifiable facts.

Although the appellees may have expected ongoing summer employment, that expectation was not reasonable given the language of the extended contract. Because the appellant's reason for nonrenewal was not personal to the appellees, the appellees had no need to defend themselves, and because they do not now contest the objectively verifiable data which formed the basis for nonrenewal, their appearance before the board would probably have been of little value. Despite the appellees' lack of a protected property interest in continued summer employment, they received notice of the proposed action and the basic supporting data. They were given an opportunity to respond in writing. In light of the

interest at stake—a partial layoff—the objective basis for the board's decision, and the limited value of more extensive hearings, the appellees certainly received adequate predeprivation process.

We need not reach the issue of whether the specific rights extended were required by our statutes and the applicable court precedent. If more was given than mandated, we applaud the appellant's action of making the process more open than absolutely required.

Reversed.