Steven W. Hirsch Decatur County Attorney P.O. Box 296 Oberlin, Kansas 67749
Dear Mr. Hirsch:
You inquire about the meaning of the term "adult" found in K.S.A. 2000 Supp. 8-237(a)(3) and 8-296(a)(3). Both statutes deal with authority for a person under the age of sixteen to drive when issued a restricted driver's license or a farm permit. The specific language in both statutes states:
 "The restricted license [or farm permit] shall entitle the licensee to operate the appropriate vehicle at any time:
 "(1) While going to or from or in connection with any job, employment or farm-related work;
 "(2) on days while school is in session, over the most direct and accessible route between the licensee's residence and school of enrollment for the purposes of school attendance;
 "(3) when the licensee is operating a passenger car at any time when accompanied by an adult who is the holder of a valid commercial driver's license, class A, B, or C driver's license and who is actually occupying a seat beside the driver; or . . . ." (Emphasis added.)
In addition to these restrictions, both statutes contain a provision against a restricted licensee's operation of any motor vehicle with "nonsibling minor passengers."
The statutes' many restrictions [a person with a restricted driver's license may operate a motor vehicle to and from work, to and from school by the shortest route, and if the person has a licensed adult sitting beside him, he may drive anywhere, but he cannot have passengers who are minors, unless they are siblings] clearly indicate a legislative intent to require adult supervised driving in the interest of safety. The requirement, however, does not make it clear whether the adult supervision may be done by any person who is over the age of eighteen, [an "adult" for some purposes, but not others] or whether the "adult" must be someone over the age of twenty-one. Thus, the term "adult" is a relative, rather than a specific, term and for this reason must be considered in the context of K.S.A 2000 Supp. 8-237 using the rules of statutory construction.
The cardinal rule of statutory construction provides that if legislative intent can be ascertained from the statute, its purpose and intent govern the construction of that statute.[1] Legislative intent may be determined from a consideration of the entire act, and it is the duty of the court, as far as practicable, to reconcile the different provisions of an act so as to make them consistent, harmonious, and sensible.[2] Accordingly, we must consider the term "adult" in the context of both the statute and the Motor Vehicle Driver's License Act.[3]
In 1999 the Legislature amended all of the underage driving statutes to require a certain number of hours of adult supervised driving before obtaining a restricted or unrestricted license, and in so doing, the Legislature defined adult supervised driving to mean driving supervised by a licensed adult who is at least twenty-one years of age.[4] The Legislature, however, restricted the application of this definition only to that specific provision. For example, the definition of adult supervised driving is found in K.S.A. 2000 Supp. 8-237, which lists the requirements for obtaining a restricted license, but the statute restricts the use of that definition to that provision by stating:
 "The required adult supervised driving required in clause (3) above shall be conducted by an adult who is at least 21 years of age and is the holder of a valid commercial driver's license, class A, B or C driver's license."
Similarly, the Legislature restricted the term adult supervision each of the other times the term is found in the Act.[5] In one specific instance, the Legislature required not only adult supervision, but supervision by the underage driver's parent or guardian.[6] By adding a definition and specifically restricting the definition to only certain statutes and not others, the Legislature clearly expressed its intent, indicating when an underage driver must be supervised by an adult over the age of twenty one. In the absence of a similar expression of clear legislative intent in the statutes in question, we can conclude that the Legislature intended that adult supervision must be different, meaning supervision by an adult over the age of eighteen.
In support of the conclusion that the Legislature chose to differentiate when an adult over the age of twenty-one is required to supervise an underage driver, we turn to the doctrine of operative construction wherein the interpretation of a statute by an administrative agency charged with the responsibility of enforcing the statute is entitled to judicial deference.[7] The Kansas Department of Revenue is charged with the statutes' enforcement and has, in publications distributed to the public,[8] interpreted the statutes in question to require the supervision of a licensed driver who is at least eighteen years of age. The Legislature's specific reference to the instances where an adult over twenty-one is required for the supervised driving is a rational basis for the agency's interpretation of the statutes.[9]
Accordingly, we defer to the agency's interpretation and find that the term "adult," found in K.S.A. 2000 Supp. 8-237 and 8-296, requiring an adult to supervise the driving of a person who is under the age of sixteen, refers to a licensed driver who is at least eighteen years of age.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm
[1] Degollado v. Gallegos, 260 Kan. 169 (1996).
[2] McMillen v. U.S.D. No. 380, 253 Kan. 259 (1993).
[3] K.S.A. 8-234 et seq.
[4] L. 1999, Ch. 125, § 15.
[5] K.S.A. 2000 Supp. 8-235d (requiring any person under the age of eighteen to get adult supervised driving with an adult at least twenty-one years of age); 8-239 (a fourteen year old who is enrolled in a driver's education program with either the adult supervision of a driving instructor or the adult supervision of a parent or guardian).
[6] K.S.A. 2000 Supp. 8-239.
[7] Reifschneider v. State, 2001 WL 62287 (Kan. 2001); Muir v. Bruce, 2001 WL 2788 (Kan.App. 2001); State ex rel. Stephan v. Kansas RacingCommission, 246 Kan. 708 (1990).
[8] KDMV: A Guide for Parents and Guardians of Teen Drivers, 2000.
[9] Kitchen v. Employment Security Board of Review,27 Kan. App. 2d 775 (2000).