(167 P.3d 810)
No. 96,628

HELEN RETTIE, *Appellant*, v. UNIFIED SCHOOL DISTRICT 475, *Appellee*.

Opinion filed September 28, 2007.

*Stephen W. Cavanaugh*, of Cavanaugh, Smith & Lemon, P.A., of Topeka, for appellant.

*Mark Edwards* and *Peter Charles Rombold*, of Hoover, Schermerhorn, Edwards, Pinaire & Rombold, of Junction City, for appellee.

*David C. Cunningham*, of Kansas Association of School Boards, Inc., of Topeka, for *amicus curiae*.

Before CAPLINGER, P.J., ELLIOTT, J., and BUKATY, S.J.

ELLIOTT, J.: Helen Rettie appeals the trial court's ruling that her employment contract with Unified School District 475 (U.S.D. 475) is void because she allowed her teacher's certificate to lapse and, therefore, she was not entitled to a due process termination hearing. We reverse and remand.

The facts are essentially undisputed, as the case proceeded to bench trial on stipulated facts.

Rettie was a tenured teacher qualified to teach early childhood handicapped classes and employed by Unified School District 475 for the school year from August 11, 2003, through May 28, 2004. Rettie renewed her contract with U.S.D. 475 for the 2004-2005 school year beginning on August 9, 2004.

On July 7, 2004, Rettie's teacher's certificate lapsed due to her failure to complete the prescribed continuing education requirements. Rettie applied for a substitute teacher's certificate which was granted on July 12, 2004.

Due to the lapse in Rettie's teacher's certificate, a letter dated July 19, 2004, was sent to Rettie indicating her position with the district was terminated. The letter provided:

"Upon review of your current certification status I found that you no longer meet the requirements of your teaching contract with Geary County USD 475 schools. Your contract states that 'the contract shall be void if the teacher fails to have on file with the Board continuously during employment a valid Kansas Teaching Certificate for the level at which the teacher is employed and for the subjects employed to teach.'

"Because your certification has lapsed your contract is no longer valid.

"Questions or concerns regarding this matter may be directed to Sarah Talley, Director Human Resource Services at . . . ."

The Board of Education for U.S.D. 475 passed no resolution terminating Rettie *prior to* the July 19 letter, and the Board passed no resolution authorizing or approving Rettie's termination.

At oral argument, the Board's counsel acknowledged no resolution had been adopted because the Board's position has always been Rettie's contract was void and, therefore, she was not entitled to any of the protections of a property interest in continuing employment.

Rettie took classes and received her teacher's certificate, including the early childhood handicapped education certificate on December 23, 2004.

The trial court ruled Rettie did not possess any property right to continued employment requiring a due process hearing.

This appeal follows.

Although the parties have divided their arguments into numerous issues, the central question around which this appeal revolves is simply whether a void employment contract eliminates a tenured teacher's property interest in continued employment. We hold, under the facts here presented, the answer is "no."

Since this case was decided on stipulated facts and the interpretation of a written instrument, our review is unlimited. *Schwatken v. Explorer Resources, Inc.*, 34 Kan. App. 2d 873, 874-75, 125 P.3d 1078, *rev. denied* 281 Kan. 1371 (2006).

In employment cases, the right to procedural due process depends on the existence of a cognizable property interest in continued employment. State law rather than the federal Constitution creates property interests in employment. *Baughman v. U.S.D. No. 500*, 27 Kan. App. 2d 888, 890, 10 P.3d 21 (2000) (citing *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538, 84 L. Ed. 2d 494, 105 S. Ct. 1487 [1985]).

Paragraph 7 of Rettie's employment contract clearly provided the "contract shall be void if the Teacher fails to have on file with the Board continuously during employment a valid Kansas Teacher's Certificate for the level at which the Teacher is employed and for the subjects employed to teach."

Ordinarily, when the language of a contract is clear and unambiguous, courts must give effect to the expressed intent of the parties and enforce the contract as written. See *Decatur County Feed Yard, Inc. v. Fahey*, 266 Kan. 999, 1005, 974 P.2d 569 (1999).

Here, Rettie clearly allowed her teacher's certificate to lapse and she did not have a teacher's certificate at the time the new school year commenced, although she had obtained a substitute teacher's certificate. The teaching contract clearly required Rettie to obtain a valid teacher's certificate in the programs for which she was hired to teach, not merely a substitute teacher's certificate. U.S.D. 475 was therefore within its authority to terminate Rettie's employment for the 2004-2005 school year.

However, the right to terminate employment is distinct from the right to due process. See *Wertz v. Southern Cloud Unified School Dist.*, 218 Kan. 25, 32-33, 542 P.2d 339 (1975). And although the contract defines the terms of employment, Kansas statutes, not contract provisions, provide a tenured teacher with a property interest in continued employment. *Baughman*, 27 Kan. App. 2d at 891.

Our interpretation of statutes on appeal is unlimited. *Spencer v. U.S.D. No. 501*, 23 Kan. App. 2d 737, 739, 935 P.2d 242, *rev. denied* 262 Kan. 963 (1997).

It is stipulated that Rettie was a tenured teacher. And once a teacher is tenured, he or she qualifies for protection under the Teachers Due Process Act, K.S.A. 72-5436 *et seq.*

K.S.A. 2006 Supp. 72-5445(b) requires the provisions of the Act to be applied to any tenured teacher *except* those whose certificate is revoked due to a conviction or diversion for specific crimes listed in the statute.

Here, Rettie's certificate lapsed for not completing continuing education requirements; she is still entitled to the protections of the Teachers Due Process Act.

Under the Teachers Due Process Act, a teacher has a property interest in continued employment unless the teacher receives a written notice of termination or nonrenewal. The termination notice must include a statement of the reasons for the termination

and of the right to request a hearing within 15 days of the termination notice. K.S.A. 2006 Supp. 72-5438(a).

In the present case, Rettie received a notice of termination which disclosed the reason for termination, but failed to provide for the right to request a hearing.

Failure to comply with 72-5438 constitutes a violation of due process. See *Hachiya v. U.S.D. No. 307*, 242 Kan. 572, 581, 750 P.2d 383 (1988). As a result, the fact the school district would have been justified in terminating Rettie's contract—or in finding the contract void—is immaterial. The purpose of the Act is designed to protect tenured teachers from unjust dismissal. This purpose cannot be achieved if a teacher's contract may be unilaterally terminated without proper notice *and* the opportunity for the teacher to have a hearing at which he or she may provide a defense. See *Baughman*, 27 Kan. App. 2d at 891.

In *Wertz*, our Supreme Court held:

"The school board has argued that the trial in the district court amounted to a due process hearing in which the court found justifiable cause for termination. The thrust of the argument being that such a determination removes any liability of the board for wages after the wrongful termination of the contract. We cannot agree. Constitutional due process in this case required a hearing by the school board before the discharge. The trial in district court was brought by the teacher to enforce his property right which we have determined was violated and which gave rise to the action in the district court. The district court's decision denying relief was based upon the faulty premise that the issue presented was limited to whether the discharge was justifiable. Instead, the issue presented to the court was whether the board had violated a protected right to constitutional due process." 218 Kan. at 32-33.

Similarly, although Rettie failed to meet an essential requirement of employment, *i.e.*, possessing a valid teacher's certificate, she could not be deprived of her property interest in continued employment without the due process provided by the Act, regardless of the strength of the grounds for terminating that employment.

In other words, the contract cannot trump the due process policy embodied in the Teachers Due Process Act.

U.S.D. 475's reliance on *Garner v. Louisiana State Bd. of Educ.*, 277 So. 2d 492 (La. App.), *rev. denied* 279 So. 2d 696 (La. 1973),

is misplaced. There, the question involved the process due a teacher holding a *temporary* teaching certificate. A teacher holding a *temporary* certificate was terminable at will. 277 So. 2d at 495. The *Garner* court did not consider whether a *tenured* teacher could be dismissed without a hearing.

Likewise, U.S.D. 475's reliance on *Gamble v. Mills*, 483 So. 2d 826 (Fla. App. 1986), is misplaced even though it does involve a tenured teacher. Significant to our discussion, the *Gamble* court did not hold, as a matter of law, that the employment contract was void at the time the teacher's certificate lapsed. Rather, the court upheld the administrative determination made following a hearing. 483 So. 2d at 828-29.

Instead, we find the reasoning of *Giedra v. Mt. Adams Sch. Dist. No. 209*, 126 Wash. App. 840, 110 P.3d 232 (2005), *rev. denied* 156 Wash. 2d 1016 (2006), to be persuasive.

There, two teachers challenged the lack of a due process hearing prior to their dismissals for failure to maintain their certificates. The *Giedra* court noted the teachers possessed a property interest in continued employment under Washington law. 126 Wash. App. at 845-46. Although it was undisputed that the teachers had allowed their certificates to lapse and that Washington law required teachers to hold a valid teacher's certificate, the court concluded the absence of a valid certificate did not affect the teachers' procedural rights. 126 Wash. App. at 846-47.

Regardless of whether a teacher is obligated to maintain a valid certificate under contract or under state law, the failure to maintain the certificate is grounds for termination. But the *Giedra* court concluded the school district was obligated to afford the teachers due process before terminating them. The basis for the court's decision in *Giedra* is the distinction between the substantive right to continued employment and the procedural right to due process in that determination.

We believe Kansas law also recognizes this distinction. See *Wertz*, 218 Kan. 32-33.

Reversed and remanded for further proceedings.